IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRIETTA WILSON, et al., | ) | CASE NO. 1:16cv01298 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **ANSWER TO PLAINTIFFS'** |
| | ) | **COMPLAINT** |
| PRIMESOURCE HEALTH CARE OF OHIO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants PrimeSource Healthcare of Ohio, Inc. ("PrimeSource of Ohio"), PrimeSource Health Care Systems, Inc. ("PrimeSource") and David Fleming (jointly "Defendants"), by and through their attorneys, and for their Answer to Plaintiffs' Complaint state as follows:

**JURISDICTION AND VENUE**

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the Court has supplemental jurisdiction over Plaintiffs' Ohio Wage Law Claims, because Plaintiffs' Ohio allegations derive from a common nucleus of operative fact. Defendants deny all remaining allegations in Paragraph 2 of the Complaint, including that Plaintiffs' factual allegations are true.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §1391 as to Defendant PrimeSource of Ohio only. Defendants deny all remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 6 of the Complaint, and therefore deny the same.

7. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 7 of the Complaint, and therefore deny the same.

8. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 8 of the Complaint, and therefore deny the same.

9. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 10 of the Complaint, and therefore deny the same.

11. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny the same.

12. Defendants are without sufficient knowledge about the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny the same.

13. Defendants admit PrimeSource of Ohio is an Illinois for-profit corporation lawfully licensed to conduct business in the state of Ohio and that it formerly maintained offices in Cleveland, Columbus and Cincinnati, Ohio. Defendants deny all remaining allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that during all times material to this Complaint, PrimeSource of Ohio was an "employer" as defined by the FLSA and Ohio Revised Code §4111.03(D) and an

enterprise under the FLSA. Defendants deny all remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit Mr. Fleming is the CEO and/or principal of PrimeSource. Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that during all times material to this Complaint, Plaintiffs and some of the putative class members who worked for PrimeSource of Ohio were employees of PrimeSource of Ohio as defined by the FLSA and Ohio Revised Code §4111.03(D). Defendants deny all remaining allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

### PrimeSource's Wage and Hour Practices

20. Defendants admit the allegations in Paragraph 20 of the Complaint as to PrimeSource only. Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit that PrimeSource of Ohio entered into contracts with participating nursing homes throughout Ohio for the purposes of furnishing certain health care services to patients of those facilities. Defendants deny all remaining allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that some Clinicians and Support Staff would travel to different long-term care facilities throughout Ohio during the work-week and that some would regularly

travel to more than one facility during the day. Defendants deny all remaining allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 as to PrimeSource of Ohio only. Defendants deny all remaining allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants are not required to answer the allegations in Paragraph 29 of the Complaint because they involve pure questions of law. Nevertheless, Defendants admit Clinical Assistants drove with Patient Assistants to long-term care facilities. Defendants further admit Plaintiffs and those similarly situated were paid hourly and filled-out time cards. Defendants deny all remaining allegations in Paragraph 29 (including a-d) of the Complaint.

### Plaintiff Henrietta Wilson

30. Defendants admit PrimeSource of Ohio employed Wilson as a Clinical Assistant from September 2013 to 2016, but deny all remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

### Plaintiff Lastashia Clifton

36. Defendants admit PrimeSource of Ohio employed Clifton as a Patient Assistant from December 15, 2014 through approximately January 7, 2016, but deny all remaining allegations in Paragraph 36 of the Complaint.

37. Defendants admit Clifton was paid $10 per hour during her employment with PrimeSource of Ohio.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

### Plaintiff Kendra Bhagmath

42. Defendants admit PrimeSource of Ohio employed Bhagmath as a Patient Assistant from April 22, 2013, but deny all remaining allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

### Plaintiff Megan Lafaire

48. Defendants admit PrimeSource of Ohio employed Lafaire as a Clinical Assistant from approximately January 2013 through April 2016, but deny all remaining allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

**Plaintiff Aries Fisk**

54. Defendants admit PrimeSource of Ohio employed Fisk as a Clinical Assistant through approximately April 2016, but deny all remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

**Plaintiff Juanita Nicholson**

60. Defendants admit PrimeSource of Ohio employed Nicholson as a Clinical Assistant through approximately April 2016, but deny all remaining allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

### Plaintiff Latasha Morton

66. Defendants admit PrimeSource of Ohio employed Morton from approximately January 31, 2011 through approximately April of 2016, but deny all remaining allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

### Plaintiff Tevonna Melton

72. Defendants admit PrimeSource of Ohio employed Melton as a Clinical Assistant from approximately February 25, 2013 through approximately April 2016, but deny all remaining allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

### FLSA COLLECTIVE ACTION ALLEGATIONS

78. Defendants incorporate their answers to Paragraphs 1-77 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants admit Plaintiffs purport to bring this case as a collective action under the FLSA and that Plaintiffs' purported class members are designated the "FLSA Class" or "FLSA Class Members" by Plaintiffs. Further answering, Defendants deny all remaining allegations in Paragraph 79 of the Complaint – including that the purported class is a proper one.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

### COUNT I: VIOLATION OF THE FLSA

81. Defendants incorporate their answers to Paragraphs 1-80 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants admit, at all times material to the Complaint, Plaintiffs and some of the Class Members were not exempt from minimum wage under the FLSA's executive, computer, administrative or professional exemptions. Defendants deny all remaining allegations in Paragraph 82 of the Complaint.

83. Defendants admit, at all times material to the Complaint, Plaintiffs and Class Members were not exempt from minimum wage under the FLSA's Motor Carrier Act exemption.

84. Defendants admit, at all times material to the Complaint, Plaintiffs and Class Members were not exempt from minimum wage under the FLSA's companionship exemption.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants admit, at all times material to the Complaint, PrimeSource of Ohio knew Plaintiffs and some of the FLSA Class Members were not exempt from the FLSA's minimum wage and overtime requirements and that PrimeSource of Ohio was required to pay

Plaintiffs and the non-exempt FLSA Class Members the federal minimum wage plus overtime (at 1.5 times the regular rate of pay) for all over time hours (more than 40 per week). Defendants deny all remaining allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

### COUNT II: VIOLATION OF THE OHIO WAGE ACT

90. Defendants incorporate their answers to Paragraphs 1-89 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants are not required respond to the allegations in Paragraph 91 of the Complaint because they state a pure question of law. Nevertheless, Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants admit, at all times material to the Complaint, PrimeSource of Ohio was a covered employer required to comply with the Ohio Wage Act's mandates. Defendants deny all remaining allegations in Paragraph 92 of the Complaint.

93. Defendants admit the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Some claims are barred by the applicable statute(s) of limitations.

3. PrimeSource and Fleming were not Plaintiffs' or the Class Members' employer.

4. Any violation of the FLSA was not willful, and a two-year statute of limitations is applicable.

5. Because Defendants acted in good faith and with reasonable belief that they were not violating the FLSA, their good faith prevents the assessment of liquidated damages.

6. Plaintiffs' claims are barred and/or limited by their spoliation of evidence.

7. All factual allegations of the Complaint not specifically admitted herein are denied.

8. The Court lacks personal jurisdiction over Defendants Fleming and PrimeSource.

9. Defendants reserve the right to assert additional defenses as they become known during the course of discovery.

WHEREFORE, Defendants respectfully ask this Honorable Court to dismiss Plaintiffs' Complaint and to award Defendants their costs and such other relief as this Court deems just.

Respectfully submitted,

Dated: July 26, 2016

/s/ *Barry Y. Freeman*
Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &
BURROUGHS LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
Telephone: (216) 736.4223
Facsimile: (216) 615.3023
bfreeman@bdblaw.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2016 a true and correct copy of the foregoing *Answer to Plaintiffs' Complaint* was served on Chris P. Wido, Esq. and Brian D. Spitz, Esq., Attorneys for Plaintiffs, via the Court's electronic filing system.

/s/ *Barry Y. Freeman*

CL2:449298