IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HENRIETTA WILSON, et al., | CASE NO. 1:16cv01298 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | **MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |
| PRIMESOURCE HEALTH CARE OF OHIO, INC., et al., | |
| Defendants. | |

This action was brought to recover minimum wage and overtime compensation on behalf of 2 classes of employees: (1) Patient Assistants ("PAs"), who assisted physicians at long-term care facilities throughout Ohio; and (2) Clinical Assistants ("CAs"), who performed the same duties plus cleaned and processed equipment and supplies used by the physicians. Generally speaking, Plaintiffs[1] claim they are entitled to be paid for their driving time from home to the first facility of the day, from the last facility of the day back home, plus additional time for occasional car maintenance (*e.g.,* oil change appointments and car washes.) In addition, the Clinical Assistant Plaintiffs claim they performed additional hours of work once they returned home for which they want to be paid.[2]

Against those claims, Defendants seek summary judgment on a number of discrete issues, for the reasons set forth in the accompanying *Memorandum in Support*:

  I.   Plaintiffs' Ohio law overtime claims are governed by a 2-year statute of limitations;

 II.   Plaintiffs cannot recover any liquidated damages on their Ohio overtime claims;

III.   The opt-in Plaintiffs have no Ohio claims;

IV.   Plaintiffs' federal claims are governed by a 2-year statute of limitations;

---

[1] Unless stated otherwise, Defendants mean all Plaintiffs – both named Plaintiffs and opt-ins.
[2] *See Court Approved Opt-In Notice,* Docket #14, Ex. 1, p. 1.

V. Plaintiffs cannot recover liquidated damages on their federal claims;

VI. Each Plaintiff's individual claims are time-barred 2 years before she filed her opt-in form with the Court;

VII. For each Plaintiff who filed bankruptcy but failed to declare her claims to the bankruptcy court, her claims are barred by judicial estoppel;

VIII. Plaintiffs are only entitled to ½ pay as overtime damages because they were paid on a salary basis for all hours worked;

IX. Plaintiffs are not entitled to pay for their commuting time (home to work and work to home) or for car maintenance time pursuant to the 1996 Employee Commuting Flexibility Act amendments to the FLSA;

X. Plaintiffs' time-and-a-half premium pay for Saturdays constitutes a proper overtime premium and a credit against any overtime liability to Plaintiffs; and

XI. Plaintiffs' damages are capped by the estimated hours they certified in their interrogatory answers.

Respectfully submitted,

Dated:  March 13, 2017

/s/ *Barry Y. Freeman*
Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &
BURROUGHS LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH  44114
Telephone:  (216) 736.4223
Facsimile:  (216) 615.3023
bfreeman@bdblaw.com

Counsel for Defendants David Fleming, PrimeSource of Ohio, Inc. and PrimeSource HealthCare Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017 a true and correct copy of the foregoing *Motion for Partial Summary Judgment* was served on all parties, via the Court's electronic filing system.

/s/ *Barry Y. Freeman*

2

**MEMORANDUM IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

I. **PLAINTIFFS' OHIO OVERTIME CLAIMS ARE GOVERNED BY A 2-YEAR STATUTE OF LIMITATIONS – BARRING ANY CLAIMS BEFORE MAY 28, 2014.**

Plaintiffs' Ohio overtime claims are brought pursuant to Ohio's "Minimum Fair Wage Standards Act (the 'Ohio Wage Law'), O.R.C. §§4111.15[3] *et seq.*" *First Amended Complaint*, p. 3; *Id.,* ¶128 (Plaintiffs' claims are pursuant to "The Ohio Wage Act…O.R.C. §4111.01, et seq.")

By statute, Ohio overtime claims are governed by a 2-year statute of limitations (O.R.C. §2305.11(A)): "[A]n action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued." *Accord: State ex rel. Gingrich v. Fairfield City Schools,* 18 Ohio St.3d 244, 245 (1985)("Under Ohio's overtime pay statute, O.R.C. 4111.01, the statute of limitations is two years, with no exception for willful violations. O.R.C. 2305.11(A).") As a result, Plaintiffs' Ohio overtime claims are subject to a 2-year statute of limitations.

Since Plaintiffs' original *Complaint* was filed on May 27, 2016, R.C. §2305.11(A) bars any Ohio overtime claims before May 28, 2014. Defendants are entitled to summary judgment on Plaintiffs' Ohio overtime claims before May 28, 2014.

II. **PLAINTIFFS CANNOT RECOVER ANY LIQUIDATED DAMAGES ON THEIR OHIO OVERTIME CLAIMS.**

Defendants are also entitled to summary judgment on Plaintiffs' Ohio overtime claims for liquidated damages, because Ohio does not allow liquidated damages on overtime claims. *See* O.R.C. §4111.10(A)("any employer who pays any employee less than wages to which the employee is entitled under section 4111.03 of the Revised Code, is liable to the employee affected for the full amount of the overtime wage rate…costs and reasonable attorney's fees as may be allowed by the

---

[3] There is no §4111.15 of the Ohio Revised Code. Defendants presume Plaintiffs mean §§4111.03 and 4111.10.

court"); *Barnett v. E-Waste Sys., Inc.,* S.D.Ohio Case No. 1:14-cv-908, 2015 WL 1757302 (Apr. 17, 2015) at *5, *citing* O.R.C. §4111.10(A)("Ohio law permits the recovery of unpaid overtime wages, but does not provide for liquidated damages"); *Borda v. Sandusky Ltd.,* 166 Ohio App.3d 318, 325 (6th Dist. 2006) at ¶23 (Ohio law "does not permit an award of liquidated damages [for overtime]. See R.C. 4111.10....Liquidated damages can only be awarded for a[n overtime] violation of the FLSA.") As such, the Court should grant summary judgment on claims for liquidated damages under Ohio's overtime law.

### III. THE OPT-IN PLAINTIFFS HAVE NO OHIO LAW CLAIMS.

In addition to 8 named Plaintiffs, there are 37 opt-in Plaintiffs. None of the opt-ins have Ohio law claims because they only opted-in <u>for FLSA purposes and for FLSA claims</u>:

- *First Amended Complaint,* p. 2 ("Plaintiffs' FLSA claims are asserted as a collective action…<u>while the Ohio Act claims are asserted individually</u>.")[Emphasis added]

- *Id.,* ¶¶114-16 ("FLSA Collective Action Allegations"). In contrast to the "FLSA Collective Action Allegations", the *First Amended Complaint* contains no "Collective Action Allegations" under Ohio law. Instead, the named Plaintiffs asserted Ohio claims "individually." *Id.,* p. 3.

- *Court Approved Opt-In Notice* (Dkt. #14, Ex. 1, pp. 1, 3)*,* which <u>solely</u> addresses FLSA claims and <u>omits</u> any reference to Ohio claims: ("RE: Unpaid wages under the Fair Labor Standards Act ('FLSA')"; "this Notice informs you of a collection action lawsuit that has been filed under the Fair Labor Standards Act ('Federal Wage Law')"; "Plaintiffs allege that they and all other similarly-situated individuals are entitled to recover from Defendants under the Federal Wage Law"); "If you do not want to join…you should know that the FLSA has a two year and three year deadline to bring claims").

Because the named Plaintiffs only pursued a collective action under the FLSA and because the opt-in Plaintiffs only opted-in for FLSA purposes, Defendants are entitled to summary judgment that they have no liability in this case to the opt-ins under Ohio law.

### IV. PLAINTIFFS' FEDERAL CLAIMS ARE GOVERNED BY A 2-YEAR STATUTE OF LIMITATIONS -- BARRING ANY CLAIMS BEFORE MAY 28, 2014.

In this case, the applicable FLSA statute of limitations is 2 years. 29 U.S.C. §255(a). The seminal case on FLSA statute of limitations is *McLaughlin v. Richland Shoe,* 486 U.S. 128, 135, Syllabus (1988):

> Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, [plaintiff] must prove that the employer's conduct was "willful"….The standard of willfulness adopted in *Thurston* – that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA – must be satisfied in order for the 3-year statute of limitations to apply…."Willful" refers to conduct that is "voluntary," "deliberate", or "intentional", and not merely negligent.

*Accord: Koehler v. PepsiAmericas, Inc.,* 268 Fed. Appx. 396, 403 (6th Cir. 2008)(**Gwin, Judge**), *quoting Skalka v. Fernald Envtl. Restoration Mgmt. Corp.,* 178 F.3d 414, 423 (6th Cir.1999) and *citing McLaughlin,* 486 U.S. at 132–34: "'[I]t is not enough to show that the employer knew that the [FLSA] was 'in the picture'…[or] 'acted without a reasonable basis for believing that it was complying with the statute.'"

Here, Plaintiffs cannot show knowing or reckless disregard because Defendants relied on (1) a Department of Labor audit and (2) advice of counsel as the basis for treating Plaintiffs as exempt from minimum wage and overtime. As former Senior Vice President of Human Resources Bobbie Richey testified (*Richey Tr.* 137-39), Defendants treated Plaintiffs as "salar[ied] and exempt" based on "a Department of Labor audit years ago…[finding] that we could have clinical assistants as exempt….We could have them as exempt…receiving a salary and [being] exempt." *Also see David Fleming Tr.* 35-36 ("who was exempt and who was not exempt…was determined by the general counsel of the company along with human resources"); *David Fleming Declaration* (Plaintiffs were treated as exempt in good faith reliance on (and in comformity with) the Department of Labor's written audit results and the advice of counsel; counsel's advice was based on legal review of the FLSA's administrative exemption, Clinical Assistants' and Patient Assistants' job duties, counsel's determination that CAs and PAs were administratively exempt, and instruction for counsel to keep abreast of changes to the FLSA.)

3

Either basis – reliance on a DOL audit OR advice of counsel – entitles Defendants to summary judgment that the 2-year statute of limitations applies. But in this case, Defendants have both. *Richey Tr., supra; Fleming Decl., supra; Fleming Tr., supra; Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128-30 (1985)(reversing a finding of willfulness and holding the 2-year statute of limitations applied because "TWA sought legal advice and consulted with the Union…there simply is no evidence that TWA acted in 'reckless disregard' of the requirements of the ADEA");[4] *Brady v. Potter,* 273 Fed. Appx. 498, 504-05 (6th Cir. 2008), *citing with approval Willis v. Hartzell Propeller, Inc.,* 497 F.Supp.2d 913, 919 (S.D. Ohio 2007) and *Thurston,* 469 U.S. at 130 ("the two-year limitations period is appropriate because…reliance on an attorney's opinion negates a finding of willfulness"); *Willis,* 497 F.Supp.2d at 919-20, *citing Thurston, supra* ("the Supreme Court has agreed that an employer's consultation with its attorney regarding a potential adverse employment action negates willfulness"); *Hoffman v. Professional Med Team,* 394 F.3d 414, 419-20 (6th Cir. 2005)(2-year statute of limitations applied to FMLA claim because "PMT sought counsel from its attorney")[5]; *Perez v. Mortgage Bankers Ass'n,* 135 S.Ct. 1199, 1221-22 (2015)(if employers cannot rely on the "Department of Labor for advice", then it "turns on its head the principle that the United States is a 'government of laws, and not of men'"); *Brantley v. Inspectorate America Corp.,* 821 F.Supp. 2d 879, 898 (S.D. Tex. 2011)(granting summary judgment on a 2-year statute of limitations; "Plaintiffs have failed to carry their burden of establishing willful conduct by the Defendant" because the issue "was addressed by the DOL in its audits, and did not result in any [negative] findings"); *Rindfleisch v. Gentiva Health Services, Inc.,* N.D.Ga. Case No. 1:10-CV-3288-SCJ, 2015 WL 12551173 (Oct. 28, 2015) at **16-17 (granting summary judgment for 2-year statute of limitations because "the Government investigated Defendant's pay

---

[4] "Willfulness" is defined identically under the ADEA and FLSA. *Id.,* 469 U.S. at 127 ("29 U.S.C. §255(a)… is incorporated in both the ADEA and the FLSA.")

[5] *Brady, Willis* and *Hoffman* were FMLA cases. FMLA cases apply the same "willfulness" standard as the FLSA because the FMLA and FLSA statute of limitations provisions are "closely analogous." *Hoffman,* 394 F.3d at 417-18, *citing McLaughlin, supra.*

4

practices and did not conclude they were improper" and defendant "never received feedback from the Department of Labor that its pay practices were not in compliance with the Act.")

V. **PLAINTIFFS CANNOT RECOVER FLSA LIQUIDATED DAMAGES BECAUSE DEFENDANTS RELIED ON COUNSEL AND THE DOL.**

As noted above, Defendants relied on the DOL and advice of counsel for their good faith, reasonable belief Plaintiffs were FLSA exempt. *Richey Tr., supra; Richey Decl., supra; Fleming Tr., supra.*

As a result, Defendants should be granted summary judgment on liquidated damages. *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir. 1971)("since an award of liquidated damages is left to the 'sound discretion' of the court, it is to be granted, or denied, by the court, as opposed to the jury"); *Featsent v. City of Youngstown,* 70 F.3d 900, 906-07 (6th Cir. 1995)("[D]efendant's reliance on the advice of counsel insulated it from an award of liquidated damages under the FLSA"); *Michon v. Western Exp., Inc.,* , M.D.Tenn. Case No. 3:13-cv-00189, 2014 WL 3924590 (Aug. 11, 2014) at *4, *citing Featsent, supra* ("an employer may reasonably rely on advice of counsel as to whether [its action] violates the FLSA"); *Elwell v. University Hospitals Home Care Services,* 276 F.3d 832, 841 (finding a lack of good faith because the "University [has not] suggested that it was relying on the expertise or opinion of any other person or entity with knowledge of the FSLA regulations, including its attorney...[or] the Department of Labor"); *Brantley,* 821 F.Supp. 2d at 896 (audits by the DOL which "did not challenge the employer's application" of the law demonstrated "reasonable grounds for believing that its[conduct] was valid under the FLSA")[6]; *Rindfleisch,* 2015 WL 12551173 at **18-19 (granting the employer summary judgment on liquidated damages because "feedback from the Department of Labor investigators shows that Gentiva had a good faith basis for understanding that its compensation plan complied with the law"); *Perez v. Mountaire Farms, Inc.,* 650 F.3d 350, 375-76 (4th Cir. 2011)(upholding the denial of liquidated damages based, in part, on the employer's reliance on "surveys conducted by the Department of Labor"); *Adeva v. Intertek USA, Inc.,* D.NJ.Case No.

---

[6] Because the DOL later changed its position, the Court granted plaintiffs liquidated damages.

5

09-1096(SRC), 2010 WL 97991 (Jan. 11, 2010) at *3 (granting summary judgment on liquidated damages where "the New Jersey Department of Labor…upon auditing Defendants' pay practices in 2005, did not challenge Defendants'…methodology"); *Zachary v. Rescare Oklahoma, Inc.,* 471 F.Supp.2d 1183, 1193 (N.D.Ok. 2006)(granting summary judgment to the employer on liquidated damages because "Defendants' reliance on the DOL letter…and their internal analysis…sufficiently explained how they arrived at their decision not to pay overtime.")

## VI. EACH PLAINTIFF'S CLAIMS ARE BARRED BEYOND 2 YEARS BEFORE SHE FILED HER OPT-IN FORM WITH THE COURT.[7]

The statute of limitations runs from when each individual (including the named Plaintiffs) filed her consent form with the Court. 29 U.S.C. §256 ("under the Fair Labor Standards Act…in the case of a collective or class action…it shall be considered to be commenced in the case of any individual claimant…on the subsequent date on which such written consent is filed in the court"); *Frye v. Baptist Mem. Hosp., Inc.,* 495 Fed. Appx. 669, 675-76 (6th Cir. 2012), *quoting* 29 U.S.C. §256 ("Frye argues that the FLSA does not require named plaintiffs, such as himself, to file written consents. But the plain language of §256 does….[H]e needed to comply with the FLSA's written-consent requirement within the statute of limitations.") Thus, every Plaintiff's FLSA claims are time-barred beyond 2 years from the date she filed her opt-in form with the Court.

The same result occurs with the named Plaintiffs' Ohio claims (but a 2-year bar for overtime claims and a 3-year bar for minimum wage claims.)[8] R.C. §4111.14(K)(2)("no employee shall join as a party plaintiff in any civil action…unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court"); *Williams v. Le Chaperon Rouge,* N.D.Ohio Case No. 1:07-cv-00829, 2007 WL 4521492 (N.D. Ohio Dec. 17, 2007) at *3 (given "strong parallels between the FLSA and the OMFWSA…[and] explicit references to the federal courts'

---

[7] 3 years for the 8 named Plaintiffs' Ohio minimum wage claims.
[8] Remember, only the named Plaintiffs asserted Ohio law claims. *See Section III, supra.*

6

interpretations of the FLSA in §4114.14 itself, this court gives due consideration and great weight to the federal courts' interpretation of 29 U.S.C. §216(b) in determining how the opt-in provision of O.R.C. §4114.14(K)(2) bears.")

## VII. FOR EACH PLAINTIFF WHO FILED BANKRUPTCY BUT FAILED TO DECLARE HER CLAIMS TO THE BANKRUPTCY COURT, HER CLAIMS ARE BARRED BY JUDICIAL ESTOPPEL.

For each Plaintiff who filed bankruptcy but failed to declare her wage claims to the bankruptcy court, her claims are barred by judicial estoppel. Defendants are entitled to summary judgment on the claims of every Plaintiff who failed to declare her wage claims to the bankruptcy court. *Lewis v. Weyerhauser Co.,* 141 Fed. Appx. 420 (6th Cir. 2005)(affirming summary judgment against Lewis and holding "the doctrine of judicial estoppel precluded Lewis from pursuing her discrimination action because she failed to list the action as an asset on a Chapter 13 petition she filed shortly after Weyerhaeuser terminated her employment.") As the Lewis Court further explained (*Id.,* 141 Fed. Appx. at 424-25:

> [T]he Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities…." 11 U.S.C. § 521(1). It is well-settled that a cause of action is an asset that must be scheduled under §521(1). Moreover, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." "[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." [Citations omitted]
>
> The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."…This court has previously described judicial estoppel as a rule against "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." [Citations omitted]
>
> * * *
>
> Lewis's pursuit of her current discrimination action is without question "contrary to" her sworn bankruptcy petition. *Id.*….This court has previously found that pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel….[I]t is also clear that in confirming Lewis's Chapter 13 plan, the bankruptcy court adopted Lewis's statement that she had no potential causes of action. [Citations omitted]

7

*Also see Elkins v. Summit County, Ohio,* N.D. Ohio Case No. 5:06-CV-3004, 2008 WL 622038 (March 5, 2008) at *5 (**Gwin, Judge**)(Elkins "was required to disclose his tort claims during the pendency of the bankruptcy proceeding, and his failure to do so results in the judicial estoppel of his present claims.")

3 Plaintiffs failed to declare their claims to the bankruptcy court, but obtained discharges:

1. Latashia Clifton knew she had wage and hour claims against PrimeSource, but failed to declare them in her bankruptcy schedules. *Clifton Tr.* 35-40, Exs. U-W; *Northern District of Ohio Bankruptcy Case* 16-12198, Dkt #1, pp. 13, 33 (Clifton certified, under penalty of perjury, she had no "unpaid wages" or "claims against third parties", but failed to identify the claims in this case). Her debts were discharged in July 2016. *Id.,* Dkt #14 ("A discharge under 11 U.S.C. §727 is granted to Latashia N. Clifton.")

2. Aries Fisk knew she had wage and hour claims against PrimeSource, but failed to declare them in her bankruptcy schedules. *Fisk Tr.* 29-32, Exs. LL-MM; *Southern District of Ohio Bankruptcy Case* 2:15-54181, Dkt #1, pp. 3, 19-20, 36 (Fisk certified, under penalty of perjury, there were no "liquidated debts owed to debtor", "other contingent and unliquidated claims" or "other personal property of any kind not already listed"). Her debts were discharged in November 2015. *Id.,* Dkt. #20 ("The debtor is granted a discharge under section 727 of title 11, United Stated Code".)

3. Opt-In Patrice Vincent knew she filed wage and hour claims against PrimeSource, but failed to declare them in her bankruptcy schedules. *Northern District of Ohio Bankruptcy Case* 16-51643, Dkt. #1, pp. 6, 13-14 (Vincent certified, under penalty of perjury, that she had no "unpaid wages" or "claims against third parties"). Her debts were reduced in October 2016. *Id.,* Dkt. #19 ("the Court finds that…the Plan is confirmed [and] complies with applicable provisions of Title 11 of the United States Code".)

Defendants should be granted summary judgment against all 3 by judicial estoppel.

## VIII. PLAINTIFFS ARE ONLY ENTITLED TO ½ PAY AS OVERTIME BACKPAY BECAUSE THEY WERE PAID A SALARY FOR ALL HOURS WORKED.

To the extent Plaintiffs claim they worked over 40 hours per week but were denied overtime, their damages are limited to a ½ backpay premium for the alleged overtime hours. When a salary is designed to compensate employees for <u>all hours worked</u>, backpay is limited to the ½ premium (<u>Wage and Hour Law Compliance and Practice</u>, Les A. Schneider and J. Larry Stine (March 2017), §9.9 (citations omitted)):

8

Every United States Circuit Court of Appeals that has considered the issue of how to calculate back wages for salaried employees improperly classified as exempt has concluded that <u>the proper remedy is an award of "half time" overtime - not "time and a half" overtime *on top of* previously-paid straight-time wages</u>. The U.S. Department of Labor ("DOL") agrees. In 2009, the DOL issued a formal opinion letter in which it concluded that "the employer's [half-time] method of computing retroactive payment of overtime complies with the FLSA." Every single U.S. Circuit Court of Appeals that has addressed the issue has concluded that misclassifying employees as exempt does not change the method for calculating the regular rate and overtime premium.

Instead, every Circuit has determined that a 50% overtime premium is appropriate when calculating overtime in misclassification cases so long as the employer and employee had a mutual understanding that the fixed weekly salary was compensation for all hours worked, and the salary exceeds the minimum wage for every hour worked.

For this method to apply, there is no additional requirement that the employee agree or understand the manner in which the overtime premium is calculated. <u>The only requirement is that the parties agree that while the hours worked may vary, the employee's base salary will not</u>. [Emphasis added][9]

However, the Court does not have to merely rely on <u>every Court of Appeals case on point</u>.

It can simply rely (and it <u>must rely</u>) on the DOL's determination that the Courts of Appeals are

correct (29 CFR §778.308 and DOL Opinion Letter FLSA2009-3 (Jan. 14, 2009), respectively):

[29 CFR §778.308] The overtime rate, like the regular rate, is a rate per hour. Where employees are paid on some basis other than an hourly rate, the regular hourly rate is derived, as previously explained, by <u>dividing the total compensation</u> (except statutory exclusions) by <u>the total hours of work for which the payment is made</u>.

[FLSA2009-3] This is in response to your request for an opinion regarding whether the proposed method of your client (the employer) for computing retroactive payment of overtime complies with the Fair Labor Standards Act (FLSA)….<u>[I]t is our opinion that the proposed method satisfies the FLSA</u>.

The employer has for some time considered certain employees to qualify for exemption….The employer expected the employees to work at least 50 hours per week and paid them a guaranteed salary bi-weekly.

\* \* \*

The employer now treats the affected employees as nonexempt….The employer will pay back wages to the employees for overtime hours worked during the period of misclassification. The employer is reconstructing the number of hours worked by the employees over this period. Once this is completed, the employer will pay overtime retroactively by (1) dividing the weekly equivalent of the employee's bi-weekly salary by the

---

[9] The 8 Circuit Court cases are cited at fns. 9-12 of §9.9, attached hereto.

9

employee's hours worked in that workweek; (2) multiplying the resulting regular rate by one half; and (3) multiplying the half-time rate by the number of overtime hours worked in that workweek. In the follow-up correspondence, you stated that the salaries involved are high enough that the regular rate would in all cases exceed the applicable minimum wage.

*  *  *

<u>The Department's regulations do not require that the "clear and mutual understanding" extend to the method used to calculate the overtime pay….[They only require] that the employees have a "clear and mutual understanding that they would be paid on a salary basis for all hours worked</u>." [Citation omitted]

It is clear the employer paid the employees a fixed salary for variable hours worked and not on an hourly basis….Therefore, <u>because the fixed salary covered whatever hours the employees were called upon to work in a workweek; the employees will be paid an additional one-half their actual regular rate for each overtime hour worked</u>, which at all times exceeds the minimum wage; <u>and the employees received and accepted the salary knowing that it covered whatever hours they worked, it is our opinion that the employer's method of computing retroactive payment of overtime complies with the FLSA</u>. [Emphasis added]

The DOL's interpretation of its <u>own regulations</u> must be given deference. *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust,* 410 F.3d 304, 319 (6th Cir. 2005)(where "an agency is seeking to interpret its own regulation, and the language of that regulation is ambiguous", interpretations in "opinion letters…policy statements, agency manuals and enforcement guidelines have the force of law and warrant *Chevron-style* deference"); *Beck v. City of Cleveland, Ohio,* 390 F.3d 912, 919 (6th Cir. 2004)("the Secretary's interpretation of his own regulation is '<u>controlling unless plainly erroneous or inconsistent with the regulation</u>'", and "'when an agency is interpreting its own regulations, <u>even greater deference is due to the agency's interpretation</u>'"). [Emphasis added; citations omitted]

However the Court gets there, Plaintiffs conceded their salaries covered <u>all hours worked</u> and their salaries were<u> the same regardless of how many hours they worked</u>. *First Amended Complaint,* ¶¶47b, 49, 55, 61, 67, 73, 79, 85, 91, 117; *Teyonna Melton Tr.* 6-8. Ex. ZZ; *Juanita Nicholson Tr.* 18-24, Ex. UU; *Aries Fisk Tr.* 15-16, Ex. KK; *Maegan LaFaire Tr.* 16, 27, 29, Ex. FF; *Latasha Morton Tr.* 32, 84, Ex. QQ; *Henrietta Wilson Tr.* 22, 26-28, 38-43, 69-71, 133-34, Ex. D*; Kendra Bhagmath Tr.* 9-12,

10

Ex. *Z;* and *Latashia Clifton Tr.* 11-12, 34-35, Ex. S. [Exhibits highlighted to show salary for varying hours.]

IX. **PLAINTIFFS ARE NOT ENTITLED TO PAY FOR THEIR COMMUTING TIME OR CAR MAINTENANCE TIME BECAUSE THE 1996 AMENDMENT TO THE FLSA PRECLUDES IT.[10]**

In 1996, Congress amended the FLSA by passing the Employee Commuting Flexibility Act ("ECFA"). Due to confusion whether commuting time in a company car was compensable, Congress definitively resolved the issue. Congress prohibited commuting time in a company car from being a compensable "principal activity" if (1) the commute is within the normal commuting area for the employer's business and (2) use of the vehicle is subject to an agreement between the employer and employee (ECFA Amendment to 29 U.S.C. §254(a)):[11]

> §254. Relief from liability and punishment under the Fair Labor Standards Act….(a) Activities not compensable….[N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act…on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities…walking, riding, or travelling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform….
>
> \* \* \*
>
> For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is [a] within the normal commuting area for the employer's business or establishment and [b] the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee….[Emphasis added]

By Congressional dictate, the use of company cars to commute cannot be a part of "principal activities" if (a) the commute is within the employer's normal commuting area and (b) vehicle use is subject to an agreement between employer and employee. There is no wiggle room in the statute.

---

[10] The result is the same under Ohio law because Ohio adopts "the manner and methods provided in [the FLSA], as amended" and "meanings under the [FLSA], as amended…[including] due consideration and great weight…given to the United States [DOL's] and federal courts' interpretations…under the [FLSA]". R.C. §§4111.03, .14.
[11] The ECFA is the underlined portion of 29 U.S.C. §254(a).

11

Nevertheless, the 6th Circuit confirmed Congress meant exactly what it said. *Aiken v. City of Memphis, Tennessee,* 190 F.3d 753, 759 (6th Cir. 1999)(citing the ECFA's language and holding although "the officer must schedule maintenance for the vehicle, must keep the vehicle's radio on during the commute, and must respond to disabled vehicles or crimes that the officer observes during the commute", "Plaintiffs do not argue that the officers' use of police vehicles for commuting purposes take officers outside of their normal commuting areas or that there is no agreement…covering these matters", and "the legislative history of the 1996 amendments is instructive: "It is not possible to define in all circumstances what specific tasks and activities would be considered incidental to the use of an employer's vehicle for commuting.")

Plaintiffs' commute between home and the first facility and from the last facility back home is not compensable because both ECFA conditions are met: (1) The drives were within the normal commute; and (2) there was an agreement/understanding that commuting time was not compensable. *First Amended Complaint,* ¶¶47a, b ("travel often took two to three hours each way, but Plaintiffs and those similarly situated were not compensated for their travel time between the meeting spot and the long-term care facilities"; "Plaintiffs and those similarly-situated were paid on [a] salary basis and were paid the same fixed rate on a [semi-monthly][12] basis regardless of how many hours they actually worked"); *Wilson Tr.* 13-14, 38-44, 133-34; *Clifton Tr.* 14-15, 19, 23; *Bhagmath Tr.* 9-11; *Melton Tr.* 6-7, 13; *Lafaire Tr.* 24-29; *Morton Tr.* 7, 32; *Nicholson Tr.* 10, 18, 26-27; *Fisk Tr.* 12-13, 15, 18; *Richey Decl.* The ECFA also prohibits Plaintiffs' maintenance time on vehicles from being compensable. *First Amended Complaint,* ¶47d. In sum, the ECFA mandates summary judgment that Plaintiffs' commuting time and car maintenance are non-compensable.

**X. PLAINTIFFS WERE PAID A TIME-AND-A-HALF PREMIUM FOR SATURDAY WORK – CONSTITUTING PROPER PAY FOR ANY OVERTIME AND A CREDIT AGAINST OVERTIME OTHERWISE DUE TO PLAINTIFFS.**

---

[12] Plaintiffs' *First Amended Complaint* actually states "biweekly", but Plaintiffs were actually paid semi-monthly.

12

In addition to their salaries, Plaintiffs were paid time-and-a-half, as a "weekend premium", for working Saturdays. *Richey Decl.* Those "weekend premiums" (1) prohibit any damages for those Saturday hours; and (2) serve as a credit against other overtime due to Plaintiffs. 29 CFR §778.203 ("a premium rate of at least time and one-half which is paid for work on Saturdays [or] Sundays…may be treated as an overtime premium", "need not be included in computing the employee's regular rate of pay and may be credited toward overtime payments due under the Act.") Thus, Defendants are entitled to summary judgment that weekend premiums paid to Plaintiffs constitute overtime premiums and are a credit against any overtime owed to Plaintiffs.

## XI. PLAINTIFFS' DAMAGES ARE CAPPED BY THE ESTIMATED HOURS THEY CERTIFIED AS TRUE IN THEIR INTERROGATORY ANSWERS.

Finally, Plaintiffs' damages are capped by the estimated hours they certified as true in their interrogatory answers. Any attempt to change their sworn estimates constitutes inadmissible, sham testimony. *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC,* 602 Fed. Appx. 232, 236 (6th Cir. 2015)(affirming summary judgment and holding a genuine issue of fact cannot be created by contradicting sworn interrogatory answers with subsequent testimony.)

Applied to this case, Plaintiffs certified their estimated off-the-clock hours in their Interrogatory Answers. *See Plaintiffs' Answers to Interrogatory No. 1*.

## XII. CONCLUSION

For all the reasons stated above, Defendants seek partial summary judgment on the following issues: (1) Plaintiffs' Ohio overtime claims are governed by a 2-year statute of limitations; (2) Plaintiffs cannot recover any liquidated damages on their Ohio overtime claims; (3) the opt-in Plaintiffs have no Ohio claims; (4) Plaintiffs' federal claims are governed by the 2-year statute of limitations; (5) Plaintiffs cannot recover any liquidated damages on their federal claims; (6) each Plaintiff's claim is barred beyond 2-years before she filed her opt-in form with the Court

13

(except 3 years for the named Plaintiffs' Ohio minimum wage claims); (7) each Plaintiff who filed bankruptcy but failed to declare her claims to the bankruptcy court should be dismissed based due to judicial estoppel; (8) Plaintiffs are only entitled to ½ backpay for overtime hours because they were paid on a salary basis; (9) Plaintiffs are not entitled to pay for their commuting time or vehicle maintenance pursuant to the 1996 ECFA Amendments to the FLSA; (10) Plaintiffs' time-and-a-half premium pay for Saturdays constitutes a proper overtime premium and a credit against overtime liability to Plaintiffs; and (11) Plaintiffs' damages are capped by the estimated hours they certified in their interrogatory answers.

Respectfully submitted,

Dated: March 13, 2017

/s/ *Barry Y. Freeman*
Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &
BURROUGHS LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
Telephone: (216) 736.4223
Facsimile: (216) 615.3023
bfreeman@bdblaw.com

Counsel for Defendants David Fleming,
PrimeSource of Ohio, Inc. and PrimeSource
HealthCare Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017 a true and correct copy of the foregoing *Memorandum in Support of Motion for Partial Summary Judgment* was served on all parties, via the Court's electronic filing system.

/s/ *Barry Y. Freeman*

CL2:459448_v4