IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRIETTA WILSON, et al., | ) | CASE NO. 1:16cv01298 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANTS' FIRST SET OF** |
| | ) | **INTERROGATORIES AND REQUESTS** |
| PRIMESOURCE HEALTH CARE OF | ) | **FOR PRODUCTION OF DOCUMENTS** |
| OHIO, INC., et al., | ) | **TO PLAINTIFF HENRIETTA WILSON** |
| | ) | |
| Defendants. | ) | |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants hereby submit the following Interrogatories and Requests for Production of Documents to Plaintiff Henrietta Wilson, with the Interrogatories to be answered under oath.

## INSTRUCTIONS

1. With respect to all Interrogatories and Requests for Production, all information and documents are to be divulged which are within the knowledge, possession or control of Plaintiff, her attorneys, or other representatives.

2. When an Interrogatory calls for an answer in one or more parts, the parts should be separated in the answer so that they are clearly understandable.

3. Where a document is used as a source of an answer, Plaintiff is to provide the following information relevant to the document: (1) its location; (2) the name and title of the custodian of the document; (3) the date or dates of the document; (4) the document's author or publisher; (5) the document's length; and (6) a synopsis of the contents. In lieu of said information, Plaintiff may produce the document itself.

4. The space for the answer following each Interrogatory is not intended to limit the response or to suggest in any way the length of the answer that is required. If additional space is

required to answer as fully as needed, please attach a separate sheet to the page upon which the Interrogatory appears and indicate on such sheet the number of the Interrogatory to which the answer relates.

5. If a request is made for the identification or production of documents which are no longer in the possession or subject to the control of Plaintiff, please state when such documents were most recently in the possession or subject to the control of Plaintiff, what has become of them, and identify the persons presently in possession or control of the documents. If any documents have been destroyed, please state when such documents were destroyed, identify the person who destroyed the documents and the person who directed that the documents be destroyed, and state the reason(s) the documents were destroyed.

6. If Plaintiff objects to providing the answer to any Interrogatory or Request for Production, in whole or in part, please state clearly the basis for the objection. If a privilege is claimed, please identify any document or communication for which a privilege is claimed, and set forth the nature of the privilege asserted. If the objection is in part (not in whole), answer/respond to the non-objectionable part.

7. These Interrogatories and Requests for Production shall be deemed to be continuing to the extent permitted by the Federal Rules of Civil Procedure. Plaintiff is under a continuing duty to supplement her responses to these Interrogatories and Requests for Production, including her responses with respect to any question relating to the identity and location of persons having knowledge of discoverable matters, and to correct any response which Plaintiff knows or later learns to be incorrect or provide any subsequently obtained documents.

8. As used in these Interrogatories and Requests for Production, unless incompatible with the intent of the question where used, words in the singular tense shall be construed to


include the plural and vise versa, and pronouns of any gender shall be construed to include the masculine and feminine genders.

## DEFINITIONS

Unless a contrary meaning appears in the context of a specific Interrogatory or Request for Production, the following definitions apply:

1. "Document" refers to all writings, tapes, tape or digital recordings, graphic representations, drawings or printed data of any kind whatsoever, however produced or reproduced, that now or ever have been in Plaintiff's possession, including, but not limited to: correspondence, statements, reports, letters, notes, electronic mail, memoranda, telephone conversations, telegrams, telefaxes, messages, diary notebooks, emails or other electronic documents, or other tangible things, included within the meaning of Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. "Identify" used in reference to a person means to state the person's name, present residence address, present residence telephone, present employer, address of employer, and job position with employer. If the present residence address and telephone number or present employer of any such person is unknown, please state her last known residence address and telephone number and her last known employer, as may be appropriate.

3 "Identify" when used with respect to any act (including an alleged omission), communication, occurrence, statement, conversation, or conduct (herein collectively called "act"), means to: (1) describe the substance of the event or events constituting such act and state the date when such act occurred; (2) identify each and every person participating in such act; (3) identify all other persons (if any) present when such act occurred; (4) state whether any minutes, notes, memoranda, or other record of such act was made; (5) state whether such record now

exists; and (6) identify the person or persons presently having possession, custody or control of each such record.

4. "Identify" used in reference to a document means to state the author (or publisher), date, subject matter, type of document (e.g., letter, report, telephone conversations, notes from meetings, drawings, etc.), present location and the name and job title of the present custodian(s) of the document. If any such document was, but no longer is in Plaintiff's possession or control, please state where the document is now located and the identity of the person who has possession and control of the document, or what disposition was made of the document, as may be appropriate. In identifying documents, please include not only every document in any Plaintiff's possession or control, but also every document of which Plaintiff has knowledge which relates or refers to any of the facts in question. In lieu of such identifying information, Plaintiff may produce the actual document.

5. "Date" means the day of the month, the month and the year. If only the approximate date is known or available, please state the approximate date indicating that it is approximate only.

6. "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

7. "PrimeSource" and "Defendant" refer to Defendants PrimeSource of Ohio, Inc. and PrimeSource Health Care Systems, Inc. – including their officers, managers and agents (most notably, but not limited to, David Fleming.)

8. "Wilson" or "Plaintiff" refers to Plaintiff Henrietta Wilson. "Plaintiffs" refers to all Plaintiffs, <u>including any opt-in Plaintiffs</u>.

4

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any and all weeks since May 28, 2013 in which Plaintiff alleges she worked more than 40 hours for PrimeSource. For each week identified, specify the hours Plaintiff claims she worked.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify any and all witnesses who observed the alleged work performed by Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all persons (other than PrimeSource's attorneys) who provided Plaintiffs or their counsel with any documents or information referred to or used to respond to these discovery requests.

**ANSWER:**

**INTERROGATORY NO 4:**

Identify by name, address and telephone number all persons having information relating to the subject matter of this case or the allegations in the Complaint. For each person so identified, state to the best of your ability, the specific subject of the information, whether the information is based upon personal knowledge or hearsay, and identify documents relating to each such person's knowledge of information.

**ANSWER:**

**INTERROGATORY NO. 5:**

State whether Plaintiffs or anyone acting on Plaintiffs' behalf have obtained any reports, affidavits, declarations and/or statements, in any form, from any person who claims to be able to testify or has knowledge with respect to this case or the allegations as contained in the Complaint. If so, please identify such reports, affidavits, declarations and/or statements.

**ANSWER:**

**INTERROGATORY NO. 6:**

State whether Plaintiff has ever been convicted of a misdemeanor, felony, or any crime involving theft, embezzlement, perjury, fraud, or other acts of dishonesty. If so, state the date of the conviction, the offense, the court and case number, and the sentence for each such crime.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify each and every expert witness whose testimony Plaintiffs intend to use in this case, and describe the subject matter on which each is expected to testify.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify each person, other than any expert already identified, whose testimony Plaintiffs intend to rely upon in this case and identify the subject matter on which each witness is expected to testify.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify any and all documents which Plaintiffs anticipate using as an exhibit at trial, in motion practice, at deposition, in mediation, or which Plaintiffs believe proves their claims or disproves PrimeSource's defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**

State with specificity how Plaintiff calculates the damages she is claiming, including both a breakout of damages by category (overtime, minimum wage, liquidated damages, attorney fees, etc.) and explain how each category of damages was calculated.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify every *objective manner* – other than Plaintiff's actual timecards – in which the hours Plaintiff claims to have worked for PrimeSource can or might be determined (e.g., telephone bills, cell phone bills, witnesses, receipts, mileage logs, bank statements, etc.)

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify all lawsuits and administrative matters in which Plaintiff participated as a plaintiff, defendant, or charging party/complaining witness.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify all individuals at PrimeSource that you communicated with since May 28, 2013.

7

**ANSWER:**



**INTERROGATORY NO. 14:**

Identify all addresses where you have lived since May 28, 2013.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents that demonstrate (or potentially might demonstrate) hours Plaintiff allegedly worked for PrimeSource – other than Plaintiff's timecards.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents that track, identify, or demonstrate the number of hours Plaintiff claims to have worked for PrimeSource – including hours <u>reflected</u> on Plaintiff's timecards and hours <u>not reflected</u> on Plaintiff's timecards.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**

Produce all calendars, datebooks, planners, appointment books, journals, diaries and mileage/time logs maintained by Plaintiff since May 28, 2013.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all communications between (1) Plaintiffs and (2) PrimeSource.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**

Produce all communications between (1) Plaintiffs and (2) any client (corporate or individual) of PrimeSource.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**

Produce all communications between the Plaintiffs and any other person (excluding Plaintiffs' attorneys) which in any way relate to the claims contained in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all documents which demonstrate Plaintiffs' claimed damages.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents identified in Plaintiff's Answers to Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all statements, affidavits, declarations and/or reports relating to this matter, whether signed or unsigned, described in Interrogatory No. 5.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**

Produce each and every document supporting the claims asserted in Plaintiffs' Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**

Produce each and every document supporting Defendants' assertions or defenses contra Plaintiff's claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents identified in Plaintiffs' *Initial Disclosures*.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

Produce copies of all complaints, charges, judgment entries, and orders in lawsuits or administrative matters in which Plaintiff participated as a plaintiff, defendant, or charging party/complaining witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce each and every report prepared by the expert witness(es) identified in response to Interrogatory No. 7, and produce all documents relied upon by the expert(s) in preparing his or her report, along with the expert's resume or curriculum vitae.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents created at anytime – including prior to Plaintiffs' lawsuit against PrimeSource – wherein any of the Plaintiffs contended (1) PrimeSource owed her minimum wage, overtime wages or any other money for unpaid wages or (2) any Plaintiff worked more than 40 hours per week for PrimeSource.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which reflect, refer to, relate to, shed light upon, support, describe or form the basis of whether PrimeSource should have been aware Plaintiffs' timecards did not accurately reflect all of Plaintiffs' work hours.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents that reflect, evidence or reference any conversations Plaintiffs had with anyone (except Plaintiffs' legal counsel) regarding whether PrimeSource should have been aware Plaintiffs' timecards did not accurately reflect all of Plaintiffs' work hours.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents reflecting Plaintiffs' work for PrimeSource since May 28, 2013.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents not produced in response to Requests for Production Nos. 1 – 18 which in any way relate to or support Plaintiffs' claims in the Complaint or Defendants' assertions or defenses in the Answer.

**RESPONSE:**

Respectfully submitted,

Dated:  August 23, 2016

/s/ *Barry Y. Freeman*
Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &
BURROUGHS, LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH  44114
Telephone:  (216) 736.4223
Facsimile:  (216) 615.3023
bfreeman@bdblaw.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2016, a true and correct copy of the foregoing *Defendants' First Set of Interrogatories and Requests for Production to Plaintiff Henrietta Wilson* was served on Chris P. Wido, Esq., Attorneys for Plaintiffs, at chris.wido@spitzlawfirm.com.

/s/ *Barry Y. Freeman*

CL2:450722_v1