IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRIETTA WILSON, *et al* | ) | CASE NO. 1:16cv01298 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF HENRIETTA WILSON'S** |
| | ) | **AMENDED RESPONSES TO** |
| PRIMESOURCE HEALTH CARE OF | ) | **DEFENDANT PRIMESOURCE** |
| OHIO, INC., *et al.* | ) | **HEALTH CARE OF OHIO, INC.'S** |
| | ) | **FIRST SET OF INTERROGATORIES** |
| Defendants. | ) | **AND REQUESTS FOR PRODUCTION** |
| | ) | **OF DOCUMENTS** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Henrietta Wilson responds and objects to Defendants first set of Interrogatories, and Request for Production as follows:

PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests for documents and interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in her possession, custody, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from third parties.

The Employee's Attorney.™



4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. All such documents and information will not be produced.

5. To the extent any of Defendants' document requests or its interrogatories seek documents or answers that include expert material, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

6. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive

any general objection to that request. Moreover, Plaintiff does not waive her right to amend her responses.

## OBJECTIONS TO INSTRUCTIONS, DEFINITIONS AND ABBREVIATIONS

Plaintiff further objects to the extent that the Instructions, Definitions and Abbreviations:

a. Create Interrogatories that seek information that is protected by the work product privilege;

b. Create Interrogatories that seek to discover materials that have been prepared in anticipation of litigation;

c. Create Interrogatories which seek to discover proprietary and confidential information;

d. Create Interrogatories that seek information that is protected by the privilege of self-critical analysis;

e. Seek information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information;

f. Are argumentative;

g. Are vague, ambiguous, and confusing;

h. Are compound.

i. Create Interrogatories that call for speculation.

j. Are overly broad, oppressive, annoying, and impose undue burden and expense.

k. Create Interrogatories that call for narrative responses.

l. Create Interrogatories that, if responded to, will result in an invasion of privacy of third persons not parties hereto in violation of statutory or constitutional provisions in this or other relevant jurisdictions.

Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to the Instructions, Definitions and Abbreviations, in the interest of furthering the discovery process, Plaintiff Henrietta Wilson submits the following responses to Defendants' First Set of Interrogatories and Request for Production of Documents:

**INTERROGATORY NO. 1:**

Identify any and all weeks since May 28, 2013 in which Plaintiff alleges she worked more than 40 hours for PrimeSource. For each week identified, specify the hours Plaintiff claims she worked.

**ANSWER:**

Objection. The foregoing interrogatory is overly broad and unduly burdensome, as it requires Plaintiff to summarize, in narrative form, a week by week analysis of when she worked greater than 40 hours, when she has yet to receive and review all documents which will be necessary to make this determination. Without waving the foregoing, Plaintiff states that with exception of a few weeks in which she took time off, she worked greater than 40 hours every week of her employment. Plaintiff is unable to state the exact number of hours she worked over 40 each week at this time based on the documents and information currently in her possession, but states that she would average 10-20 hours a week travelling, for which she was not compensated. These hours were in addition to the hours (usually 40) Plaintiff had already worked at facilities on behalf of PrimeSource.

**INTERROGATORY NO. 2:**

Identify any and all witnesses who observed the alleged work performed by Plaintiff.

**ANSWER:**

The following persons witnessed Plaintiff's work:

(Husband) Timmothy Wilson (Children) Lynnesa Wilson, Shannon Wilson, Timmaira Bailey
(Sisters) Angela Hobbs, Yvonne Hobbs
(Friend) Sharon Hamilton
(Co workers) Teyonna Melton, (Supervisor) Cynthia Williams
Racheal Demink, David Fleming, Dr. Ayman Ali were also aware.

**INTERROGATORY NO. 3:**

Identify all persons (other than PrimeSource's attorneys) who provided Plaintiffs or their counsel with any documents or information referred to or used to respond to these discovery requests.

**ANSWER:**

The answers are those of Plaintiff; the objections are those of counsel.

**INTERROGATORY NO. 4:**

Identify by name, address and telephone number all persons having information relating to the subject matter of this case or the allegations in the Complaint. For each person so identified, state to the best of your ability, the specific subject of the information, whether the information is based upon personal knowledge or hearsay, and identify documents relating to each such person's knowledge of information.

**ANSWER:**

(Husband) Timmothy Wilson (Children) Lynnesa Wilson, Shannon Wilson, Timmaira Bailey
(Sisters) Angela Hobbs, Yvonne Hobbs
(Friend) Sharon Hamilton
(Co workers) Teyonna Melton, (Supervisor) Cynthia Williams
Wanice Dean, Linda Daughtery, Jessie Flemings.
Racheal Demink, David Fleming, Dr. Ayman Ali were also aware.

**INTERROGATORY NO. 5:**

State whether Plaintiffs or anyone acting on Plaintiffs' behalf have obtained any reports, affidavits, declarations and/or statements, in any form, from any person who claims to be able to testify or has knowledge with respect to this case or the allegations as contained in the Complaint. If so, please identify such reports, affidavits, declarations and/or statements.

**ANSWER:**

Raechel deMink
Timmothy Wilson
Dr. Ali

All statements received to date are being produced.

**INTERROGATORY NO. 6:**

State whether Plaintiff has ever been convicted of a misdemeanor, felony, or any crime involving theft, embezzlement, perjury, fraud, or other acts of dishonesty. If so, state the date of the conviction, the offense, the court and case number, and the sentence for each such crime.

**ANSWER:**

None.

**INTERROGATORY NO. 7:**

Identify each and every expert witness whose testimony Plaintiffs intend to use in this case, and describe the subject matter on which each is expected to testify.

**ANSWER:**

Undetermined at this time. If necessary, Plaintiff will supplement in accordance with the local rules and the Court's case management schedule.

**INTERROGATORY NO. 8:**

Identify each person, other than any expert already identified, whose testimony Plaintiffs intend to rely upon in this case and identify the subject matter on which each witness is expected to testify.

**ANSWER:**

Undetermined at this time. Plaintiff will supplement in accordance with the local rules and the Court's case management schedule.

**INTERROGATORY NO. 9:**

Identify any and all documents which Plaintiffs anticipate using as an exhibit at trial, in motion practice, at deposition, in mediation, or which Plaintiffs believe proves their claims or disproves PrimeSource's defenses.

**ANSWER:**

Undetermined at this time. Plaintiff will supplement in accordance with the local rules and the Court's case management schedule.

**INTERROGATORY NO. 10:**

State with specificity how Plaintiff calculates the damages she is claiming, including both a breakout of damages by category (overtime, minimum wage, liquidated damages, attorney fees, etc.) and explain how each category of damages was calculated.

**ANSWER:**

Plaintiff is unable to answer this interrogatory based on the documents and information currently available to her. However, Plaintiff states generally that once additional information is received, she will simply multiply all uncompensated hours under 40 by the applicable minimum wage rate, and all hours over 40 by a rate of one and one half the regular rate of pay for the given week. Plaintiff will also seek an equal amount in liquidated damages, and attorneys fees. Attorneys fees are currently estimated to total $14,063.40 (globally) and are ongoing.

**INTERROGATORY NO. 11:**

Identify every *objective manner* – other than Plaintiff's actual timecards – in which the hours Plaintiff claims to have worked for PrimeSource can or might be determined (e.g., telephone bills, cell phone bills, witnesses, receipts, mileage logs, bank statements, etc.).

**ANSWER:**

Objection. The foregoing Request For Production of Documents is so vague as to render it incapable of response in its present form. Plaintiff does not know what Defendants consider "objective," and the term is undefined. Without waiving the foregoing objection, Plaintiff states as follows:

Pay-stubs, Fax log, Facility contact report, Jessie Falconer emails for assignments, Facility outcome list, Dr.Ali monthly cumulative report, mileage reports, vehicle maintenance records, cell phone records, shipping receipts, data concerning reports Plaintiff synched with PrimeSource, and witness testimony.

**INTERROGATORY NO. 12:**

Identify all lawsuits and administrative matters in which Plaintiff participated as a plaintiff, defendant, or charging party/complaining witness.

**ANSWER:**

Workers Compensation 2-12-2016

Car accident
No sure of year maybe 2012

**INTERROGATORY NO. 13:**

7

Identify all individuals at PrimeSource that you communicated with since May 28, 2013.

**ANSWER:**

Jessie Falconer, Bernadette Joaquin, Wanice Dean, Linda Daughtery, Bobbie Richie, Dave Flemings, Raechel Demink, Brittany Brawciski, Emma Fergorous, Tracey Babuta, Cheryl Fraizerz, Ashley Hamilton, all current plaintiffs.

**INTERROGATORY 14**

Identify all addresses where you have lived since May 28, 2013.

**ANSWER:**

4296 E 116th Cleveland OH 44105.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents that demonstrate (or potentially might demonstrate) hours Plaintiff allegedly worked for PrimeSource – other than Plaintiff's timecards.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents that track, identify, or demonstrate the number of hours Plaintiff claims to have worked for PrimeSource – including hours <u>reflected</u> on Plaintiff's timecards and hours <u>not reflected</u> on Plaintiff's timecards.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 3:**

8

Produce all calendars, datebooks, planners, appointment books, journals, diaries and mileage/time logs maintained by Plaintiff since May 28, 2013.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all communications between (1) Plaintiffs and (2) PrimeSource.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all communications between (1) Plaintiffs and (2) any client (corporate or individual) of PrimeSource.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all communications between the Plaintiffs and any other person (excluding Plaintiffs' attorneys) which in any way relate to the claims contained in the Complaint.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all documents which demonstrate Plaintiffs' claimed damages.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents identified in Plaintiff's Answers to Interrogatories.

**RESPONSE:**

To the extent Plaintiff is in possession of the documents identified (she is not in possession of many of them) they are being produced.

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all statements, affidavits, declarations and/or reports relating to this matter, whether signed or unsigned, described in Interrogatory No. 5.

**RESPONSE:**

Produced.

**REQUEST FOR PRODUCTION NO. 10:**

Produce each and every document supporting the claims asserted in Plaintiffs' Complaint.

**RESPONSE:**

To the extent Plaintiff is in possession of responsive documents (she is not in possession of many of them), they are being produced.

**REQUEST FOR PRODUCTION NO. 11:**

10



Produce each and every document supporting Defendants' assertions or defenses contra Plaintiff's claims.

**RESPONSE:**

None known to exist.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents identified in Plaintiffs' *Initial Disclosures*.

**RESPONSE:**

To the extent Plaintiff is in possession of responsive documents (she is not in possession of many of them), they are being produced.

**REQUEST FOR PRODUCTION NO. 13:**

Produce copies of all complaints, charges, judgment entries, and orders in lawsuits or administrative matters in which Plaintiff participated as a plaintiff, defendant, or charging party/complaining witness.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 14:**

Produce each and every report prepared by the expert witness(es) identified in response to Interrogatory No. 7, and produce all documents relied upon by the expert(s) in preparing his or her report, along with the expert's resume or curriculum vitae.

**RESPONSE:**

None at this time. If necessary, Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents created at anytime – including prior to Plaintiffs' lawsuit against PrimeSource – wherein any of the Plaintiffs contended (1) PrimeSource owed her minimum wage, overtime wages or any other money for unpaid wages or (2) any Plaintiff worked more than 40 hours per week for PrimeSource.

**RESPONSE:**

Plaintiff is currently searching for responsive documents, and will supplement if any are found. None are currently believed to exist.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which reflect, refer to, relate to, shed light upon, support, describe or form the basis of whether PrimeSource should have been aware Plaintiffs' timecards did not accurately reflect all of Plaintiffs' work hours.

**RESPONSE:**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents that reflect, evidence or reference any conversations Plaintiffs had with anyone (except Plaintiffs' legal counsel) regarding whether PrimeSource should have been aware Plaintiffs' timecards did not accurately reflect all of Plaintiffs' work hours.

**RESPONSE:**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents reflecting Plaintiffs' work for PrimeSource since May 28, 2013.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents not produced in response to Requests for Production Nos. 1 – 18 which in any way relate to or support Plaintiffs' claims in the Complaint or Defendants' assertions or defenses in the Answer.

**RESPONSE:**

Plaintiff is producing all responsive documents in her possession or control.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via the Email on this 25st day of October, 2016 upon the following:

Barry Y. Freeman
**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC**
1375 E. 9th Street, Suite 1700
Cleveland, Ohio, 44114
bfreeman@bdblaw.com

*Attorney for Defendant Primesource Health Care of Ohio, Inc.*

/s/ Chris P. Wido
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**