**Cc:** Gail Richards; DeLuca, Amy L.
**Subject:** RE: Lack of response from you.

Barry,

I decline to get into a back and forth regarding your misstatement of the facts or your self-aggrandizing. Instead, a very quick effort on Westlaw revealed that you are again asserting a position without any legal merit:

- *Barton v. U.S. Dist. Court for Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir.2005): "Prospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege."
- *Matter of Bevill, Bresler & Schulman Asset Mgt. Corp.*, 805 F.2d 120, 124 (3d Cir.1986): "The attorney-client privilege protects conversations between prospective clients and counsel as well as communications with retained counsel."
- *Baird v. Koerner*, 279 F.2d 623, 635 (9th Cir.1960): "'It is the glory of our profession that its fidelity to its client can be depended on; that a man may safely go to a lawyer and converse with him upon his rights or supposed rights in any litigation with the absolute assurance that that lawyer's tongue is tied from ever disclosing it' *United States v. Costen*, C.C.D.Colo.1889, 28 F. 24."
- *Dempsey v. Bucknell Univ.*, 296 F.R.D. 323, 332 (M.D.Pa.2013): "The attorney-client privilege protects communications between prospective clients and counsel as well as retained counsel. *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 124 n. 1 (3d Cir.1986). Whether the communication was between client and prospective attorney directly or through retained criminal defense counsel, acting as the client's agent for the purpose of seeking a civil litigation attorney, is immaterial. See *Harkobusic*, 31 F.R.D. at 266."
- *Apex Mun. Fund v. N-Group Securities*, 841 F.Supp. 1423, 1426 (S.D.Tex.1993):  "The privilege also protects 'communications made for the purpose of facilitating the rendition of legal services' between a potential client and a lawyer. *In re Auclair*, 961 F.2d 65, 69 n. 9 (5th Cir.1992) (citing *McCormick on Evidence*, § 87, n. 10 (Cleary 3d ed. 1984)). *See also In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 124 n. 1 (3d Cir.1986) ('The attorney-client privilege protects conversations between prospective clients and counsel as well as communications with retained counsel.') The court thus finds no merit in plaintiffs' argument that Document 45 is not privileged because it was prepared 12 days before KMC began representing DBL."
- *PennEnvironment v. PPG Industries, Inc.*, 2013 WL 6147674, *5 (Nov. 22, 2013):
- "PPG has not responded to Plaintiffs' point that the 'third parties' to whom PPG refers were in fact prospective clients with a common interest. See *Dempsey v. Bucknell Univ.*, 2013 WL 5564003, at *8 (M.D.Pa. Oct.7, 2013) ('The attorney-client privilege protects communications between prospective clients and counsel as well as communications with retained counsel.')
- Plaintiffs have demonstrated that the attorney-client and work-product privileges apply to the documents PPG is seeking in its renewed motion to compel and that the privileges have not been waived. The motion will therefore be denied."

If you would like to file a motion seeking communications with our actual clients while trying to block discovery from a third party that you improperly made your client, that will be up to you.  Communication from us to a client and amongst our clients is privileged. If you are insisting on a privilege log, we will provide one.

*Brian*

**From:** Barry Freeman [mailto:bfreeman@bdblaw.com]
**Sent:** Wednesday, March 22, 2017 9:27 AM
**To:** Chris Wido <Chris.Wido@spitzlawfirm.com>; Brian Spitz <Brian.Spitz@spitzlawfirm.com>
**Cc:** Gail Richards <grichards@bdblaw.com>
**Subject:** Lack of response from you.

Guys:

I kept my word and, despite having to draft the MSJ response due on Friday, I responded to the discovery issues you raised last Friday.

In contrast, you have not responded to the discovery issue I raised last Friday: Lack of production of communications between Plaintiffs and 3rd parties. I specifically identified Dean, Demink and Daugherty, but 3d parties would also include members of the class before they opted-in. When I tried to make it quick and easy by asking you to produce YOUR communications with them, Brian said "there are none" and Chris, in a slip of the tongue, disclosed the rest of the story: You used Henrietta Wilson as a conduit to communicate with 3d parties.

By using Henrietta Wilson as a conduit, any communications you had with Wilson for 3d parties is NOT privileged. Please advise when we will receive YOUR communications with Wilson (or any other plaintiff) to communicate with 3d parties.

In addition, we requested (RFP No. 6) "all communications between the Plaintiffs and any other person (excluding Plaintiffs' attorneys) which in any way relate to the claims contained in the Complaint." That request was made 7 MONTHS AGO. Plaintiffs' response was "Plaintiff is producing all responsive documents in her possession." By your own admission, that is not the case. Please advise when we will receive those communications – including all electronic communications and all records of phone calls to 3d parties. If all electronic communications and records of phone calls are not produced, we will have to either do a forensic analysis of Plaintiffs' devices and/or file a spoliation motion.

In any event, please respond to my discovery issue since I responded to yours,

Barry


**Barry Y. Freeman**
**Partner**
**Buckingham, Doolittle & Burroughs, LLC**
**1375 E. 9th Street, Suite 1700**
**Cleveland, OH 44114**

**d:  216.736.4223**
**f:   216.615.3023**
**c:  216.410.2844**

bfreeman@bdblaw.com
**bdblaw.com**



Download my VCard
View my Biography

**Privacy Notice**

3

## Amanda M. Gatti

| | |
|---|---|
| **From:** | Barry Freeman |
| **Sent:** | Wednesday, March 22, 2017 9:27 AM |
| **To:** | Chris Wido; 'Brian Spitz' |
| **Cc:** | Gail Richards |
| **Subject:** | Lack of response from you. |

Guys:

I kept my word and, despite having to draft the MSJ response due on Friday, I responded to the discovery issues you raised last Friday.

In contrast, you have not responded to the discovery issue I raised last Friday:  Lack of production of communications between Plaintiffs and 3rd parties.  I specifically identified Dean, Demink and Daugherty, but 3d parties would also include members of the class before they opted-in.  When I tried to make it quick and easy by asking you to produce YOUR communications with them, Brian said "there are none" and Chris, in a slip of the tongue, disclosed the rest of the story:  You used Henrietta Wilson as a conduit to communicate with 3d parties.

By using Henrietta Wilson as a conduit, any communications you had with Wilson for 3d parties is NOT privileged.  Please advise when we will receive YOUR communications with Wilson (or any other plaintiff) to communicate with 3d parties.

In addition, we requested (RFP No. 6) "all communications between the Plaintiffs and any other person (excluding Plaintiffs' attorneys) which in any way relate to the claims contained in the Complaint."   That request was made 7 MONTHS AGO.   Plaintiffs' response was "Plaintiff is producing all responsive documents in her possession."  By your own admission, that is not the case.  Please advise when we will receive those communications – including all electronic communications and all records of phone calls to 3d parties.  If all electronic communications and records of phone calls are not produced, we will have to either do a forensic analysis of Plaintiffs' devices and/or file a spoliation motion.

In any event, please respond to my discovery issue since I responded to yours,

Barry

**Barry Y. Freeman**
**Partner**
**Buckingham, Doolittle & Burroughs, LLC**
**1375 E. 9th Street, Suite 1700**
**Cleveland, OH 44114**

**d:   216.736.4223**
**f:    216.615.3023**
**c:   216.410.2844**

bfreeman@bdblaw.com
bdblaw.com