## Amanda M. Gatti

**From:** Andy Pullekins
**Sent:** Tuesday, June 06, 2017 11:06 AM
**To:** Amanda M. Gatti
**Subject:** FW: Wilson v. PrimeSource
**Attachments:** AK3-#1249147-v1-PrimeSource__Wilson_-_Defendant_s_Second_Set_of_Interrogatories_and_Requests_for_Production_of_Documents_to_Plaintiff__Henrietta_Wilson.DOCX; AK3-#1249291-v1-Wilson_PrimeSource_-_Medical_Authorization_for_Wilson.pdf

**Andrew J. Pullekins**
**Buckingham, Doolittle & Burroughs, LLC**
**3800 Embassy Parkway, Suite 300**
**Akron, OH 44333-8398**

**d:** 330.258.6408
**f:** 330-252-5408

apullekins@bdblaw.com
bdblaw.com



Privacy Notice

**From:** Andy Pullekins
**Sent:** Friday, March 24, 2017 11:16 AM
**To:** 'Chris.Wido@spitzlawfirm.com'
**Cc:** Barry Freeman
**Subject:** Wilson v. PrimeSource

Chris:

Attached please find a copy of our Second Set of Requests for Production of Documents directed to Ms. Wilson.

Thanks,

Andy

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRIETTA WILSON, et al., | ) | CASE NO. 1:16cv01298 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANTS' SECOND SET OF** |
| | ) | **REQUESTS FOR PRODUCTION OF** |
| PRIMESOURCE HEALTH CARE OF | ) | **DOCUMENTS TO PLAINTIFF,** |
| OHIO, INC., et al., | ) | **HENRIETTA WILSON** |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants hereby submit the following Second Set Requests for Production of Documents to Plaintiff Henrietta Wilson.

## INSTRUCTIONS

1. With respect to all Requests for Production, all information and documents are to be divulged which are within the knowledge, possession or control of Plaintiff, her attorneys, or other representatives.

5. If a request is made for the identification or production of documents which are no longer in the possession or subject to the control of Plaintiff, please state when such documents were most recently in the possession or subject to the control of Plaintiff, what has become of them, and identify the persons presently in possession or control of the documents. If any documents have been destroyed, please state when such documents were destroyed, identify the person who destroyed the documents and the person who directed that the documents be destroyed, and state the reason(s) the documents were destroyed.

6. If Plaintiff objects to providing the answer to any Request for Production, in whole or in part, please state clearly the basis for the objection. If a privilege is claimed, please

identify any document or communication for which a privilege is claimed, and set forth the nature of the privilege asserted. If the objection is in part (not in whole), answer/respond to the non-objectionable part.

7. These Requests for Production shall be deemed to be continuing to the extent permitted by the Federal Rules of Civil Procedure. Plaintiff is under a continuing duty to supplement her responses to these Requests for Production.

8. As used in these Requests for Production, unless incompatible with the intent of the question where used, words in the singular tense shall be construed to include the plural and vise versa, and pronouns of any gender shall be construed to include the masculine and feminine genders.

## **DEFINITIONS**

Unless a contrary meaning appears in the context of a specific Request for Production, the following definitions apply:

1. "Document" refers to all writings, tapes, tape or digital recordings, graphic representations, drawings or printed data of any kind whatsoever, however produced or reproduced, that now or ever have been in Plaintiff's possession, including, but not limited to: correspondence, statements, reports, letters, notes, electronic mail, memoranda, telephone conversations, telegrams, telefaxes, messages, diary notebooks, emails or other electronic documents, or other tangible things, included within the meaning of Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. "Identify" used in reference to a person means to state the person's name, present residence address, present residence telephone, present employer, address of employer, and job position with employer. If the present residence address and telephone number or present

employer of any such person is unknown, please state her last known residence address and telephone number and her last known employer, as may be appropriate.

3       "Identify" when used with respect to any act (including an alleged omission), communication, occurrence, statement, conversation, or conduct (herein collectively called "act"), means to: (1) describe the substance of the event or events constituting such act and state the date when such act occurred; (2) identify each and every person participating in such act; (3) identify all other persons (if any) present when such act occurred; (4) state whether any minutes, notes, memoranda, or other record of such act was made; (5) state whether such record now exists; and (6) identify the person or persons presently having possession, custody or control of each such record.

4.      "Identify" used in reference to a document means to state the author (or publisher), date, subject matter, type of document (e.g., letter, report, telephone conversations, notes from meetings, drawings, etc.), present location and the name and job title of the present custodian(s) of the document. If any such document was, but no longer is in Plaintiff's possession or control, please state where the document is now located and the identity of the person who has possession and control of the document, or what disposition was made of the document, as may be appropriate. In identifying documents, please include not only every document in any Plaintiff's possession or control, but also every document of which Plaintiff has knowledge which relates or refers to any of the facts in question. In lieu of such identifying information, Plaintiff may produce the actual document.

5.      "Date" means the day of the month, the month and the year. If only the approximate date is known or available, please state the approximate date indicating that it is approximate only.

6. "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

7. "PrimeSource" and "Defendant" refer to Defendants PrimeSource of Ohio, Inc. and PrimeSource Health Care Systems, Inc. – including their officers, managers and agents (most notably, but not limited to, David Fleming.)

8. "Wilson" or "Plaintiff" refers to Plaintiff Henrietta Wilson. "Plaintiffs" refers to all Plaintiffs, including any opt-in Plaintiffs.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a fully executed copy of the attached Authorization for Release of Patient Health Information.

**RESPONSE:**

Dated: March 24, 2017

Respectfully submitted,

/s/ *Barry Y. Freeman*
Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &
BURROUGHS, LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH  44114
Telephone:  (216) 736.4223
Facsimile:  (216) 615.3023
bfreeman@bdblaw.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2017, a true and correct copy of the foregoing *Defendants' Second Set of Interrogatories and Requests for Production to Plaintiff Henrietta Wilson* was served on Chris P. Wido, Esq., Attorneys for Plaintiffs, at chris.wido@spitzlawfirm.com.

/s/ *Barry Y. Freeman*

AK3:1249147_v1

AUTHORIZATION FOR RELEASE OF
PATIENT HEALTH INFORMATION

I.   Information Regarding the Use or Disclosure of Health Information

**By signing this authorization form, I hereby authorize the use or disclosure of my individually identifiable health information as described below.** I understand that this health information constitutes "protected health information," as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *I understand that this authorization is voluntary and that I may revoke it prospectively at any time by submitting my revocation in writing to the entity providing the information.*

Patient name: Henrietta Wilson

Social Security Number: XXX-XX-2784

Address: 4296 East 116th Street, Cleveland, Ohio 44105

Specific description of health information to be used or disclosed (including date(s), as appropriate): From January 1, 2015 to the present all medical records, psychological records and psychiatric records, treatment notes, and any other records regarding Henrietta Wilson that relate in any way to her medical, psychological, and/or psychiatric treatment, diagnosis or condition or that are retained by her provider in conjunction therewith, as well as all billing and payment records. Ms. Wilson understands that the information to be disclosed may include records relating to alcohol or drug abuse, Human Immunodeficiency Virus (HIV), Acquired Immunodeficiency Syndrome (AIDS), AIDS related complex (ARC), and sexually transmitted diseases. It may also include information about behavioral or mental health services.

Specific purpose(s) of the disclosure: civil discovery and litigation.

Person(s)/organization(s) authorized to provide the information: All

Person(s)/organization(s) authorized to receive the information: Barry Y. Freeman, Buckingham, Doolittle & Burroughs, LLC, 1375 E. 9th Street, Suite 1700, Cleveland, Ohio 44114; bfreeman@bdblaw.com.

This authorization will expire upon the conclusion of the litigation entitled *Herietta Wilson, et al., v. PrimeSource Healthcare of Ohio, et al.*, pending before the United States District Court for the Northern District of Ohio, or December 31, 2018 — whichever comes earlier.

Will the health plan or health care provider requesting the authorization receive financial or in-kind compensation in exchange for using or disclosing the health information described above?

Yes, the health plan or health care provider will receive reasonable copying costs.

**II. Important Information About Your Rights with Respect to this Authorization Form**

I have read and understood the following statements about my rights:

- I may revoke this authorization prospectively at any time prior to its expiration date by notifying the providing organization in writing, but the revocation will not have any effect upon any action(s) taken by the entity before it received the revocation. For example, I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified above have already made in reliance upon this authorization.

- I understand that, if I sign this authorization form, I must be provided with a signed copy of it.

- I may see and copy the information described on this form if I ask for it.

- The information that is used or disclosed pursuant to this authorization may be redisclosed by the receiving entity. I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy provisions, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization.

- I am not required to sign this authorization form to receive my health care benefits (enrollment, eligibility, treatment, or payment), except that: a health plan may condition enrollment in the health plan or eligibility for benefits upon this authorization if (1) I am not yet enrolled in the health plan, (2) the purpose of this authorization is to allow the health care plan to obtain the information it needs to make an eligibility, enrollment, underwriting or risk rating determination, or (3) psychotherapy notes are not requested. If I refuse to sign this authorization form, I may be denied enrollment in the health plan or eligibility for health care benefits based upon such refusal.

**III.**   **Signature of Patient or Patient's Representative**

I, _____(please print your name), have had the opportunity to review and understand the contents of this authorization form. By signing this authorization form, I am confirming that it accurately reflects my wishes.

_____      _____
**Signature of Patient**                                                **Date**
**(or parent if patient is minor dependent)**
*(Form MUST be completed before signing).*

If the authorization form is signed by the patient's personal representative, complete the following:

Printed name of patient's personal representative: _____

Relationship to the patient, including authority for status as representative:_____

Address: _____

Home Telephone Number: _____

Work Telephone Number: _____

_____      _____
**Signature of patient's personal representative**                  **Date**
*(Form MUST be completed before signing).*

AK3:1249291_v1