# Amanda M. Gatti

| | |
|---|---|
| **From:** | Chris Wido <Chris.Wido@spitzlawfirm.com> |
| **Sent:** | Monday, May 15, 2017 9:27 AM |
| **To:** | Barry Freeman |
| **Cc:** | Amanda M. Gatti; Gail Richards; 'Zidar, Rachelle'; DeLuca, Amy L. |
| **Subject:** | Wilson Response to Defendants' Second Set of Request for Production |
| **Attachments:** | Wilson second set of discovery responses.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Barry,

Please find attached Henrietta Wilson's response to Defendants' Second Set of Request for Production.


All the best,

Chris Wido
Chris P. Wido
THE SPITZ LAW FIRM, LLC
The Employee's Attorney.TM
The WaterTower Plaza
25200 Chagrin Blvd, Suite 200
Beachwood Ohio, 44122
Phone:  (216) 291-4744 x 130
Fax: (216) 291-5744



CallTheRightAttorney.com

Please Read: Why Are Ohio Law Makers Making It Easier For Your Boss To Discriminate And Sexually Harass You? Our Lawyers Need Your Help To Stop Them!

Attention:  Privileged and/or confidential information may be contained in this message and may be subject to legal privilege.  Access to this e-mail by anyone other than the intended is unauthorized. If you are not the intended recipient, you may not use, copy, distribute or deliver this message (or any part of its contents) to anyone or take any action in reliance on it.  If you are not the intended recipient, you should destroy this message, and notify The Spitz Law Firm immediately by e-mail and/or telephone.


-----Original Message-----
From: Barry Freeman [mailto:bfreeman@bdblaw.com]
Sent: Wednesday, May 10, 2017 4:57 PM
To: Chris Wido <Chris.Wido@spitzlawfirm.com>

1

Cc: Brian Spitz <Brian.Spitz@spitzlawfirm.com>; Amanda M. Gatti <agatti@bdblaw.com>; Gail Richards <grichards@bdblaw.com>; 'Zidar, Rachelle' <RZidar@wickenslaw.com>
Subject: RE: PrimeSource Supplemental Production

Dear Chris:

Thanks for sending me Rog 4. The supplemental response to Rog 4 (as well as the 30(b)(6) individual with the most knowledge of the legal advice relied upon to determine PAs and CAs were exempt and of the DOL audit) is DAVID FLEMING.

However, you cannot take Mr. Fleming's deposition again. Depositions are limited to ONE DAY and you already took Mr. Fleming's deposition in February -- both individually and as a 30(b)(6) representative. You have strictly held us to the limits on depositions -- including cancelling Ms. Young's deposition and prohibiting me from questioning Ms. Meza because, with Ms. Zidar's questioning included, I was "out of time". Because you have strictly held us to the limits on depositions -- and notified us from January onward that there will be no agreement to modify those limits -- we must strictly hold you to the limits on depositions too, in the spirit of reciprocity.

Respectfully,

Barry



Barry Y Freeman
Partner
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
d: 216.736.4223
f: 216.615.3023
c: 216.410.2844
bfreeman@bdblaw.com
http://www.bdblaw.com

http://www.bdblaw.com/Signatures/freemanb.vcf
http://www.bdblaw.com/wp-content/uploads/attorney-pdfs/barry-y-freeman.pdf
http://www.bdblaw.com/privacy-policy/

-----Original Message-----
From: Chris Wido [mailto:Chris.Wido@spitzlawfirm.com]
Sent: Wednesday, May 10, 2017 11:30 AM
To: Barry Freeman
Cc: Brian Spitz
Subject: RE: PrimeSource Supplemental Production

Barry,

The Interrogatory was # 4, which stated:

INTERROGATORY NO. 4

2

To the extent Defendants contend that the failure to pay Plaintiff overtime was not willful, Identify all facts, documents, witnesses, or other evidence upon which Defendants will rely to support that contention.

ANSWER: Objection. Defendants are not required to prepare a legal memo or "white paper" of its "non-willfulness" defense. Nevertheless, Defendants generally state: (1) PrimeSource Health Care Systems, Inc. and Mr. Fleming were not Plaintiff's employer – PrimeSource Health Care of Ohio was;
(2) Plaintiff's commuting time (home to first job site and last job site to home) did not constitute hours worked, pursuant to the Portal-to-Portal Act; (3) Plaintiff was paid overtime for all overtime hours she worked and declared; and (4) Defendants rely on all documents produced by the parties in discovery.

As you can see, no one was identified. Please revise this and provide dates for a 30(b) deposition based on the topics I previously mentioned.

All the best,

Chris Wido
Chris P. Wido
THE SPITZ LAW FIRM, LLC
The Employee's Attorney.TM
The WaterTower Plaza
25200 Chagrin Blvd, Suite 200
Beachwood Ohio, 44122
Phone: (216) 291-4744 x 130
Fax: (216) 291-5744


CallTheRightAttorney.com

Please Read: Why Are Ohio Law Makers Making It Easier For Your Boss To Discriminate And Sexually Harass You? Our Lawyers Need Your Help To Stop Them!

Attention: Privileged and/or confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is unauthorized. If you are not the intended recipient, you may not use, copy, distribute or deliver this message (or any part of its contents) to anyone or take any action in reliance on it. If you are not the intended recipient, you should destroy this message, and notify The Spitz Law Firm immediately by e-mail and/or telephone.



-----Original Message-----
From: Barry Freeman [mailto:bfreeman@bdblaw.com]
Sent: Tuesday, May 9, 2017 1:29 PM
To: Chris Wido <Chris.Wido@spitzlawfirm.com>
Cc: Amanda M. Gatti <agatti@bdblaw.com>; Brian Spitz <Brian.Spitz@spitzlawfirm.com>; Gail Richards <grichards@bdblaw.com>
Subject: RE: PrimeSource Supplemental Production

Chris:

Before I reach out to my clients, which specific discovery request do you assert is (or was) required to be supplemented pursuant to the FRCP? A general allegation " that the identity of the above 30(b) witnesses should have been included in PrimeSource's responses to discovery" does not suffice.

Thanks,

Barry



Barry Y Freeman
Partner
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
d:  216.736.4223
f:  216.615.3023
c:  216.410.2844
bfreeman@bdblaw.com
http://www.bdblaw.com

http://www.bdblaw.com/Signatures/freemanb.vcf
http://www.bdblaw.com/wp-content/uploads/attorney-pdfs/barry-y-freeman.pdf
http://www.bdblaw.com/privacy-policy/

-----Original Message-----
From: Chris Wido [mailto:Chris.Wido@spitzlawfirm.com]
Sent: Monday, May 08, 2017 6:52 PM
To: Barry Freeman
Cc: Amanda M. Gatti; Brian Spitz
Subject: RE: PrimeSource Supplemental Production

Barry,

We would like to set up a deposition for the following 30(b) witness for the following:

 --- The person with the most knowledge of the legal advice relied upon to determine PAs and CAs were exempt; and

 --- The person with the most knowledge of the DOL audit and how PrimeSource relied upon it.

Additionally, I would point out that the identity of the above 30(b) witnesses should have been included in PrimeSource's responses to discovery. Please provide this information.

Please let me know asap. Thanks.


All the best,

Chris Wido

4

Chris P. Wido
THE SPITZ LAW FIRM, LLC
The Employee's Attorney.TM
The WaterTower Plaza
25200 Chagrin Blvd, Suite 200
Beachwood Ohio, 44122
Phone: (216) 291-4744 x 130
Fax: (216) 291-5744


CallTheRightAttorney.com

Please Read: Why Are Ohio Law Makers Making It Easier For Your Boss To Discriminate And Sexually Harass You? Our Lawyers Need Your Help To Stop Them!

Attention: Privileged and/or confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is unauthorized. If you are not the intended recipient, you may not use, copy, distribute or deliver this message (or any part of its contents) to anyone or take any action in reliance on it. If you are not the intended recipient, you should destroy this message, and notify The Spitz Law Firm immediately by e-mail and/or telephone.



-----Original Message-----
From: Barry Freeman [mailto:bfreeman@bdblaw.com]
Sent: Monday, May 8, 2017 6:09 PM
To: 'Bobbie Richey' <brichey@pshcs.com>; Chris Wido <Chris.Wido@spitzlawfirm.com>
Cc: Gail Richards <grichards@bdblaw.com>; Sally Kapcar <skapcar@bdblaw.com>; Amanda M. Gatti <agatti@bdblaw.com>
Subject: Recall: PrimeSource Supplemental Production

Barry Freeman would like to recall the message, "PrimeSource Supplemental Production".

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HENRIETTA WILSON, et al., | ) CASE NO. 1:16cv01298 |
| Plaintiff, | ) JUDGE JAMES S. GWIN |
| v. | ) **PLAINTIFF HENRIETTA WILSON'S** |
| | ) **RESPONSE DEFENDANTS' SECOND** |
| PRIMESOURCE HEALTH CARE OF | ) **SET OF REQUESTS FOR** |
| OHIO, INC., et al., | ) **PRODUCTION OF DOCUMENTS** |
| Defendants. | ) |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Henrietta Wilson responds and objects to Defendants Second set of Request for Production as follows:

PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests for documents, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that she considers the requests and responses to the requests to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in her possession, custody, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from third parties.

4. A response to a document stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. All such documents and information will not be produced.

5. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive her right to amend her responses.

Without waiving the foregoing objections, and expressly reserving any other objections which may be applicable to the Instructions, Definitions and Abbreviations, in the interest of furthering the discovery process, Plaintiff Henrietta Wilson submits the following responses to Defendants' Second Set of Request for Production of Documents:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a fully executed copy of the attached Authorization for Release of Patient Health Information.

**RESPONSE:**

Objection. The foregoing Request For Production of Documents seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome. It is undisputed that Wilson suffered a workplace injury related to loading and unloading her PrimeSource provided vehicle, and Defendants have already produced all available documents which relate to that injury. The fact that Wilson's Worker's Compensation claim has been raised does not put her entire medical history at issue in this FLSA litigation. See R.C. § 2317.02(B)(3)(a); *Wooten v. Westfield Insurance* (8th Dist. 2009), 181 Ohio App.3d 50; *Moore v. Ferguson*, 5th Dist. No. 12CA58, 2012-Ohio-6087; *Groening v. Pitney Bowes, Inc.*, 8th Dist. No. 91394, 2009-Ohio-357; *Ward v. Johnson's Industrial Caterers*, Inc., 10th Dist. No. 97APE11-1531, 1998 WL 336786; *Settle v. Thurber Manor Apartments*, 10th Dist. No. 98AP-608, 1999 WL 352990; *Penwell v Nanavati*, 3rd Dist. No. 9-03-14, 2003-Ohio- 4628; *Weierman v. Mardis* (1st Dist. 1994), 101 Ohio App.3d 774; *Folmar v. Griffin*, 5th Dist. No. 2005CAE080057, 2006-Ohio-1849; *Thompson v. Chapman*, 5th Dist. No. 2008-CA-0012, 2008-Ohio-2282; *Patterson v. Zdanski*, 7th Dist. No. 03BE1, 2003-Ohio-5464; *Neftzer v. Neftzer* (12th Dist. 2000), 140 Ohio App.3d 618; *Nester v. Lima Mem. Hosp.* (2nd Dist. 2000), 139 Ohio App.3d 883; *Sweet v. Sweet* (11th Dist. 2005), 2005-Ohio-7060, 2005-Ohio-7060.

Respectfully submitted,

s/ Chris P. Wido
Chris P. Wido (0090441)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of the foregoing was forwarded via electronic mail on this 15th day of May, 2017, to the following:

Barry Y. Freeman
**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC**
1375 E. 9th Street, Suite 1700
Cleveland, Ohio, 44114
bfreeman@bdblaw.com

*Attorney for Defendants PrimeSource of Ohio, Inc., PrimeSource Health Systems, Inc., and David Fleming*

Amy L. DeLuca
Matthew W. Nakon
Wickens, Herzer, Panza, Cook & Batista
35765 Chester Road
Avon, OH 44011
adeluca@wickenslaw.com
mnakon@wickenslaw.com

M. Carter Crow
Joseph C. Dole
Norton Rose Fulbright US - Houston
Ste. 5100
1301 McKinney Street
Houston, TX 77010
joseph.dole@nortonrosefulbright.com
carter.crow@nortonrosefulbright.com

*Attorney for Defendants PrimeHealth Group, LLC, PrimeHealth of Ohio, LLC, SeniorSure Health Plans Inc., and Advantage Capital Holdings, LLC.*

/s/ Chris P. Wido
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

*One of the Attorneys for Plaintiffs*