

Amanda M. Gatti
agatti@bdblaw.com
d: 216.615.7303 • df: 216.615.3003

May 18, 2017

Brian Spitz
Chris Wido
The Spitz Law Firm, LLC
The WaterTower Plaza
25200 Chagrin Blvd, Suite 200
Beachwood, Ohio 44122

      Re:   *Wilson, et al. v. PrimeSource Health Care of Ohio, Inc., et al.*
             **U.S. District Court, Northern District of Ohio Case No. 1:16-cv-01298**

Messrs. Spitz and Wido,

      I am writing to address Ms. Wilson's deficient response to Defendants' Second Set of Request for Production of Documents wherein we asked for an executed HIPAA authorization for the release of Ms. Wilson's medical records. Your objection as to the relevancy and scope is without merit. The scope of the medical authorization was limited to the release of Ms. Wilson's medical, psychological, and psychiatric records from January 1, 2015 to the present date. The purpose of this medical authorization was to allow Defendants to obtain Ms. Wilson's health records relevant to the two-year period surrounding the "injury" Ms. Wilson referred to in her affidavit, to wit: "the equipment I was required to haul was so heavy that on November 15, 2015, I injured myself delivering equipment to a facility. My injuries consisted of a sprained neck, a torn rotator cuff, a sprained back, and a sprained arm."

      While we generally agree that Ms. Wilson's "entire medical history" dating back to birth may be irrelevant, Ms. Wilson certainly put her physical health concerning this particular injury during this particular timeframe at issue. The requested medical authorization does not, as you contend, seek disclosure of her "entire medical history." Rather, it is specifically limited to seek medical records that relate to this injury.

      However, in an effort to address your concerns regarding relevancy and scope, we will agree to limit the authorization to the release of only those medical records relating to any treatment Ms. Wilson received for her neck, rotator cuff, back and arm. In that regard, please find the attached revised authorization for Ms. Wilson's signature.

      On the topic of other discovery issues, please confirm your position regarding the production of communications between you and Ms. Wilson concerning information that Ms.

Buckingham, Doolittle & Burroughs, LLC
p: 216.621.5300 f: 216.621.5440 tf: 1.888.843.2825
1375 E. 9th Street, Suite 1700 • Cleveland, OH 44114 • bdblaw.com

Wilson then discussed with third-parties. At Dr. Petkovic's deposition, you disclosed that you used Ms. Wilson as a conduit to relay information regarding this case to third-parties. As you know, a client's disclosure to a third party of communications made pursuant to attorney-client privilege constitutes a waiver of that privilege. Thus, the substance of any communication you had with Ms. Wilson which she then relayed to a third-party, i.e. potential opt-in plaintiffs, is no longer privileged. Therefore, these communications are now subject to discovery.

Please provide a response addressing the foregoing discovery issues **on or before 4:00 p.m. on Monday, May 22, 2017**. In the event we do not receive a satisfactory response, we will have no choice but to file a Motion to Compel with the Court.

We look forward to your response.

Very truly yours,

Amanda M. Gatti, Esq.


cc: Barry Freeman, Esq.

CL2:463461_v2