UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                  :
HENRIETTA WILSON et al.,            :      CASE NO. 1:16-CV-01298
                                                  :
            Plaintiffs,                        :
                                                  :
      v.                                          :      OPINION & ORDER
                                                  :      [Resolving Docs. 158, 181, 182, 190, 192]
PRIMESOURCE HEALTH CARE OF  :
OHIO, INC., et al.,                         :
                                                  :
            Defendants.                     :
                                                  :
------------------------------------------------------


JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs work as support staff in nursing homes across Ohio.[1] With this lawsuit, the Plaintiffs say Defendants[2] failed to pay them overtime and the minimum wage. Plaintiffs bring a collective action under the Fair Labor Standards Act ("FLSA") and individual claims under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act").[3]

Defendant PrimeSource asks the Court to compel discovery,[4] bifurcate the trial,[5] and enter a show cause order.[6]  The Court **DENIES** these three motions.

---

[1] Plaintiffs are Henrietta Wilson, Lastashia Clifton, Kendra Bhagmath, Megan Lafaire, Aries Fisk, Juanita Nicholson, Latasha Morton, and Teyonna Melton. Doc. 90 at 3.
[2] Defendants are PrimeSource Health Care of Ohio, Inc, PrimeSource Health Care Systems, Inc., PrimeSource Health Group, LLC, PrimeHealth Group, LLC, PrimeHealth of Ohio, LLC, Advantage Capital Holdings, LLC and David Fleming (collectively, "PrimeSource").
[3] Doc. 90 at 3.
[4] Doc. 182. Plaintiffs oppose. Doc. 184.  Defendants reply. Doc. 189.  In its original motion to compel, PrimeSource presented several other discovery issues.  Commendably, the parties resolved all these other disputes. Doc. 189 at 1.
[5] Doc. 158.
[6] Doc. 181.  Defendants also asked the Court to reconsider its summary judgment opinion. Doc. 190.  Subsequently, Defendants moved to withdraw their reconsideration request. Doc. 192.  The Court grants Defendants' motion to withdraw.

Case No. 1:16-CV-01298
Gwin, J.

# I.     Defendants' motion to compel is denied

Defendant PrimeSource seeks limited discovery of Plaintiff Henrietta Wilson's medical records.[7]

At trial, a jury will decide if the Plaintiffs' workday began at Plaintiffs' homes when Plaintiffs allegedly loaded PrimeSource medical equipment into their vehicles.[8]  Plaintiff Wilson reports that she injured herself hauling PrimeSource medical equipment on November 15, 2015.[9] Wilson received workers compensation for this injury.[10]

PrimeSource moves to compel Wilson to produce medical records "pertaining to the workers compensation injuries."[11]  PrimeSource reasons that Wilson's medical records are probative as to whether she actually hauled equipment at her home every morning.[12]

PrimeSource's argument loses.

Under Ohio law, a plaintiff waives her physician-patient privilege when she files a lawsuit if the communications in question "relate[] causally or historically to physical or mental injuries that are relevant to issues in the . . . civil action."[13]

This is not a personal injury lawsuit; it is an FLSA case about overtime pay.  Wilson's wage and overtime claims do not relate causally to her injury. Wilson's physician-patient privilege remains intact.

PrimeSource makes a strong argument that Plaintiff Wilson made her medical history relevant by claiming she was injured hauling medical equipment.[14]  However, Wilson's

---

[7] Doc. 182 at 14-15; Doc. 189 at 3 n.1.
[8] Doc. 186 at 11.
[9] Doc. 102-14 at 1-2.
[10] Doc. 184-1 at 1.
[11] Doc. 189 at 3-4.
[12] *Id.* at 2-3.
[13] Ohio Rev. Code Ann. § 2317.02(B)(3)(a).
[14] Doc. 182 at 15.  PrimeSource says *McMullen v. Reserves Network, Inc.* should control the Court's analysis because the *McMullen* court ordered a plaintiff to turn over her medical records in a wrongful termination lawsuit.

Case No. 1:16-CV-01298
Gwin, J.

allegations that she was injured on the job do not "directly place[] the patient's physical . . . condition at issue" in a trial for unpaid wages.[15]  The nexus between Wilson's statements about her injury and her FLSA claims is insufficient to defeat Wilson's physician-patient privilege.[16]

Moreover, Defendants already have extensive medical records from Wilson's injury because of Wilson's workers' compensation claim.[17]  These records include numerous physician notes and assessments.  For instance, on February 17, 2017, physician Mauro Tuasun wrote "H. Wilson was involved in a [work related injury] on 11/15/15 and suffered severe strain of neck [and] upper back."[18] Other records detail Wilson's physical complaints, the physician's findings, and Wilson's treatment regimen.[19]  Defendants possess sufficient information to cross-examine Wilson about her injury.

The Court denies PrimeSource's motion to compel production of Wilson's medical records.

## II.     The Court declines to bifurcate the trial

Defendants ask the Court to bifurcate the trial.[20] Plaintiffs joined Defendant Advantage Capital to this lawsuit on February 22, 2017, several months after discovery began.[21] Advantage Capital says bifurcation will give it sufficient time to prepare for trial.[22]

---

2013 WL 395501, at *1 (N.D. Ohio Jan. 31, 2013). However, the McMullen plaintiff also brought an emotional distress claim that "put her physical and mental health at issue." *Id.*  In contrast, Plaintiffs here bring only wage and overtime claims.

[15] *Porter v. Litig. Mgmt., Inc.*, 2000 WL 573197, at *2 (Ohio Ct. App. May 11, 2000).
[16] *Campolieti v. Cleveland*, 921 N.E.2d 286, 296 (Ohio Ct. App. 2009).
[17] Doc. 184-1.
[18] *Id.* at 10.
[19] *See, e.g., id.* at 18.  Dr. Tuasun made this report on March 9, 2016. *Id.*
[20] Doc. 158.
[21] Doc. 90.
[22] Doc. 158 at 2.

Case No. 1:16-CV-01298
Gwin, J.

Defendants' motion to bifurcate is denied. The Court continued the trial from May 22, 2017 to August 7, 2017 to let Defendant Advantage Capital get up to speed. This continuance provided Advantage Capital with sufficient time to prepare.

### III.     The declines to enter a show cause order

Defendants subpoenaed Dr. Eric Beatty for all documents relating to the Plaintiffs and Plaintiffs' counsel.[23]  Dr. Beatty's connection to this litigation is unclear.  Dr. Beatty never replied to the discovery request.

In response, Defendants ask the Court to enter a show cause order against Dr. Beatty.[24] Defendants want Dr. Beatty to explain to the Court why he never produced the requested documents.

The Court declines to issue a show cause order.

For the same reasons explained in the Section II, the Court is hesitant to authorize a medical records request in this FLSA case.  Furthermore, Defendants' discovery request is exceptionally broad and Defendants' show cause request contains no information about Dr. Eric Beatty's relevance.[25]

Accordingly, the Court denies PrimeSource's request for a show cause order.

---

[23] 181-1 at 7.
[24] Doc. 181.
[25] Doc 181; Doc 181-1.

Case No. 1:16-CV-01298
Gwin, J.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motions to compel Wilson's medical records, to bifurcate the trial, and to enter a show cause order.

IT IS SO ORDERED.


Dated:  July 17, 2017                                  *s/          James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE