UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
HENRIETTA WILSON, et al.,                : CASE NO. 1:16-cv-1298
:
        Plaintiffs,          :
:
  vs.                                    : OPINION & ORDER
: [Resolving Doc. 287]
PRIME SOURCE HEALTHCARE       :
OF OHIO, et al.,                        :
:
        Defendants.         :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court previously granted Plaintiffs' attorney's fees relating to litigating the enforcement of the settlement.[1] Plaintiffs have filed an accounting of their attorney's fees and request $37,457.75 for their attorneys' time.[2] Defendants object, arguing that Plaintiffs' attorneys are entitled to only $3,747 in fees.[3] The Court finds that both parties are incorrect. For the reasons below, the Court **ORDERS** Defendants to pay $21,867.50 in Plaintiffs' attorney's fees.

Defendants argue that: (1) Plaintiffs' fee calculation uses rates that are far higher than those representative of the Cleveland legal market; (2) Plaintiffs' attorneys attempt to receive fees for work unrelated to the motion to enforce; and (3) Plaintiffs' attorneys rounded up their actual time spent to the nearest tenth of an hour, resulting in approximately eight hours of overbilling.

As the Sixth Circuit has explained, a reasonable hourly rate is "the market rate in the venue sufficient to encourage competent representation."[4] Defendants are correct that Plaintiffs' rates are unrepresentative of the Cleveland legal market. Attorney Spitz's and Attorney Wido's claimed

---

[1] *See* Doc. 286 at 8-9.
[2] Doc. 287.
[3] Doc. 289.
[4] *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007).

Case No. 1:16-cv-1298
Gwin, J.

rates of $550 and $325 per hour, respectively, would place them above the 75th percentile (and, in many cases, above the 95th percentile) of attorney rates in almost every relevant category listed in *The Economics of Law Practice in Ohio in 2013*.[5] While this motion to enforce the settlement did involve some atypical and potentially complex issues, it was not so complex or legally novel that it merits such high rates. Indeed, as Plaintiffs have helpfully pointed out, they have recently litigated a similar motion to enforce in a previous case.[6]

As such, the Court will set Attorney Spitz's rate at $350 per hour and Attorney Wido's rate at $275 per hour. These rates reflect the 75th percentile rates listed in *The Economics of Law Practice in Ohio in 2013* for Attorney Spitz's and Attorney Wido's years of practice,[7] plus an increase to reflect inflation, their success, and the case's complexity.[8]

Defendants next argue that Plaintiffs attempt to receive fees for work unrelated to the motion to enforce. They are partially correct. Plaintiffs' attorneys submitted fee request appears to include all of the work done on this case from the August 2, 2017 final pre-trial conference, when the parties initially settled, to the present. But, Plaintiffs' attorneys obviously could not have worked on the motion to enforce settlement before the Defendants breached the settlement agreement.

The Court has previously found that, absent Defendants' attempts to impermissibly modify the settlement, the parties would have finalized the settlement by October 17, 2017.[9] The Court

---

[5] *See* Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013* 39-40 (2013). Although currently five years old, this survey is the most recent comprehensive survey of law practice economics in Ohio. Neither party has suggested that it is unrepresentative of the current legal market.
[6] *See* Doc. 290-3.
[7] *See* Ohio State Bar Ass'n, *supra* note 5, at 39.
[8] Specifically, in addition to their motion to enforce, Plaintiffs had to litigate related issues regarding the settlement's confidentiality provision and Defendants' Sixth Circuit appeal, which Defendants voluntarily dismissed. *See generally* Doc. 286.
[9] *Id.* at 8.

Case No. 1:16-cv-1298
Gwin, J.

will therefore award Plaintiffs' attorney's fees only for their work performed after October 17, 2017.

Defendants' argument that the Court should further limit this fee award to time entries explicitly referencing the motion to enforce is not well taken. All of Plaintiffs' attorneys' listed work on this case between October 17, 2017 and the present occurred solely because of Defendants' unwillingness to finalize the settlement. Plaintiffs are entitled to attorney's fees for that work.

Defendants do not challenge the reasonableness of any particular billing entry or of the total number of hours billed. However, Defendants argue that Plaintiffs' attorneys impermissibly billed in tenth of an hour increments even when a particular task took less than a tenth of an hour. This argument plainly fails. Courts have routinely found that billing in tenth of an hour increments is standard, and even quarter-hour billing is not *per se* unreasonable.[10] This Court agrees with that assessment.

To conclude, the Court finds that Plaintiffs' attorneys are entitled to their fees incurred after October 17, 2017 at a rate of $275 per hour for Attorney Wido and $350 per hour for Attorney Spitz. Based on the Court's review of Plaintiffs' attorneys' billing records, the Court **ORDERS** Defendants to pay Plaintiffs' attorney's fees totaling $21,867.50.[11]

IT IS SO ORDERED

Dated: April 10, 2018              *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[10] *See Yellowbrook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013).
[11] Attorney Spitz billed approximately 40.4 hours in relevant work after October 17, 2017, while Attorney Wido billed approximately 28.1 hours. (40.4*350) + (28.1*275) = 21,867.50. *See* Doc. 287-1.

-3-